EMMA ROTHSCHILD, Appellant, *v.* CHARLES A. ROUX and the FARMERS' LOAN AND TRUST COMPANY, Respondents.

*Annuity — when payable from the income of a trust fund and not assignable — proof that an assignment was made to secure a loan and was not absolute.*

A testator, by the 4th clause of his will, provided as follows: "I do give and bequeath unto Charles Alexander Roux * * * an annuity of one thousand two hundred dollars from my death, and I do direct my executors or executor, trustees or trustee, to pay the same to him during his life in equal quarterly payments of three hundred dollars each." By the 5th clause of the will he provided: "All the rest, residue and remainder of my estate, real, personal and mixed, subject as above, I do give, devise and bequeath unto my executors or executor hereinafter named, or such one of them as shall assume that office, in trust, to receive the rents, issues and profits thereof, and to supply the same in equal shares" to two persons named, with remainder over. The testator's property consisted largely of real estate, and the personal estate was not sufficient to pay the debts and prior legacies. The annuity was not made a specific charge upon the testator's real property.

*Held,* that it was the duty of the executors and trustees, in the execution of the trust, to pay the annuity to Roux out of the income of the trust estate and then to distribute the balance of the income between the two other persons designated in the 5th clause;

That under the statute Roux had no power to assign any of the installments of the annuity.

What evidence is sufficient to sustain a finding that a transfer by Roux to a third person of installments of his annuity was intended as collateral security for the payment of the loan and not as a bill of sale thereof, considered.

APPEAL by the plaintiff, Emma Rothschild, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 22d day of March, 1902, upon the decision of the court rendered after a trial at the New York Special Term.

*Henry M. Stevenson,* for the appellant.

*George Whitefield Betts, Jr.,* for the respondents.

INGRAHAM, J. :

One Alexander Roux, by his last will and testament, gave to the defendant Charles A. Roux an annuity of $1,200 by the following

provision in the 4th clause of his will : " I do give and bequeath unto Charles Alexander Roux　*　*　*　an annuity of one thousand two hundred dollars from my death, and I do direct my executors or executor, trustees or trustee to pay the same to him during his life in equal quarterly payments of three hundred dollars each." By the 5th clause of the will the testator provided : " All the rest, residue and remainder of my estate, real, personal and mixed subject as above, I do give, devise and bequeath unto my executors or executor hereinafter named or such one of them as shall assume that office. In trust to receive the rents, issues and profits thereof and to supply the same in equal shares " to two persons named with remainder over. The testator's property consisted largely of real estate, the personal estate not being sufficient to pay the debts and prior legacies. Subsequently the defendant the Farmers' Loan and Trust Company was substituted in place of the trustees named in the will. The defendant Charles A. Roux, being entitled to this annuity, in May, 1898, in answer to an advertisement in a newspaper, applied to what was called the " Ætna Loan Association " or " Security Company " for a loan. Upon calling on that concern he met a Mr. J. Rothschild, who was the husband of the plaintiff, and informed Rothschild that he wished to borrow some money ; that he had an annuity with the Farmers' Loan and Trust Company, the next installment of which was due on the 1st of August, 1898. Rothschild said that he would take the matter under advisement and see his attorney. At a subsequent interview, according to Roux's testimony, Rothschild offered Roux $200 for the annuity of $300 due in August. This Roux accepted and received $200 or $240 as testified to by Rothschild and at the same time executed what was said to be a power of attorney and a bill of sale of the annuity due on the first of August. Roux being in need of other money, subsequently applied to Rothschild for additional loans, which from time to time were given, Rothschild in each instance taking an assignment of annuities to become due in the future and a power of attorney to collect such annuities from the defendant the Farmers' Loan and Trust Company. The total amount advanced by Rothschild, according to his own testimony, was $2,614.50, and Rothschild received from Roux assignments of installments of the annuity of $300, the amounts assigned aggregating $20,700. After the plaintiff

had collected under those powers of attorney and assignments $2,700, Roux notified the trustee not to make any further payments to Rothschild and revoked the powers of attorney that he had given, whereupon the plaintiff commenced this action to recover the amounts due under the various assignments prior to the commencement of the action which she had not collected, making Roux a party defendant.

The answers of the defendants allege that the transaction was a loan of money and that the loans were usurious and void and that the plaintiff had collected the total amount of the loans and interest; that he signed the powers of attorney and assignments upon the understanding that they were security for the said loans and were not intended as an absolute conveyance or bill of sale; and asked as affirmative relief that the bills of sale set forth in the complaint be declared usurious and void; that the various powers of attorney may be adjudged usurious and void and of no effect; that the said bills of sale and the powers of attorney be canceled, and the plaintiff be held to account for the money that she has received. The defendant Roux on the trial testified that all of the transactions were loans of money; that he executed those instruments upon the representation of Rothschild that they were to secure the repayment of the amount loaned; that he signed these instruments without knowledge of their contents. Rothschild testified that the first transaction was a loan; that he loaned Roux $240 and received therefor an assignment of the amount of the annuity which became due on the first of August amounting to $300, and the balance of the $300, after charging interest on the amount loaned, was applied to the payment of his lawyer's fees and other expenses; that when Roux subsequently applied for a loan he informed him that he would not loan him any more money, but would buy the annuities, and that all the subsequent transactions were sales of the subsequent installments of the annuity, of all of which Roux had full knowledge, and he seeks to sustain the transaction as a transfer of the annuities due or to grow due in the future. The court found as a fact that the transactions between the plaintiff and the defendant set forth in the complaint and the answers were usurious loans and not sales of installments of the annuity and that the bills of sale and powers of attorney mentioned in the complaint and answers were

usurious, void and of no effect, and the plaintiff having received the amount of her advances, with more than legal interest thereon, directed that the assignments and powers of attorney be canceled and annulled ; and from this judgment the plaintiff appeals.

It is quite clear that upon Roux's statement of this transaction these advances by the plaintiff were loans of money only ; that the finding of the trial court that the plaintiff had received the amount loaned with interest justified the judgment appealed from, and this finding was sustained by the evidence. Roux's testimony that the transactions were loans and were so understood to be at the time they were made is corroborated by the fact that Rothschild concedes that the first transaction was a loan, and the entries in his books are the same in relation to the subsequent transactions as to the first, and also by the fact that sometime after this transaction commenced the plaintiff compelled Roux to take out two policies of life insurance, one for $2,000, and the other for $3,000. One of these policies was taken out on September 18, 1899, and one on January 9, 1900. On September 6, 1899, the plaintiff paid to Roux $200, and on September 20, 1899, $300, and on February 13, 1900, paid him an additional sum of $250. Roux, having taken out these policies upon his life, assigned them to the plaintiff. In the assignment of the $2,000 policy which was prepared by the plaintiff, or her representatives, she was described as "a creditor, amount of indebtedness $3,000." The assignment of the policy for $3,000, which was dated February 13, 1900, contained this provision : "This assignment is made as collateral security for the payment of an indebtedness to the said assignee in the sum of three thousand 00/100 dollars." The finding, therefore, of the trial court that these payments were in fact loans and not sales of the annuities is corroborated by the very instruments that the plaintiff required Roux to sign at the time some parts of these payments to him were made. It is not denied by the plaintiff but that she has collected from the trustees annuities aggregating $2,700, which would be sufficient to repay her all the amounts that she claims to have advanced, with interest ; and eliminating the usurious conditions which it is claimed were a part of these loans, the plaintiff has received all that she advanced, with interest, and was not entitled to hold the assignments of subsequent accruing annuities.

But we also think the judgment should be sustained upon the ground that the installments of this annuity were not transferable. The will of the testator, under which these annuities were payable, conveys all of the remainder of his estate, after certain legacies, to the trustees, and the trustees are directed to pay to this defendant Roux an annuity of $1,200. The fact that the direction to pay the annuity comes before the devise or bequest to the trustees is certainly not controlling. These annuities are not made a specific charge upon the real property, but direction is given to the trustees, to whom the testator had devised and bequeathed all the remainder of his estate in trust, to pay the annuity in question. That he intended that this annuity should be paid out of the income of his trust property is apparent, and if in the will the bequest or devise of the property to the trustees was first, with a subsequent direction to the trustees to pay an annuity to the defendant Roux, and a direction to pay the remainder of the income to beneficiaries named, there could be no question of the testator's intention (*Cochrane* v. *Schell*, 140 N. Y. 516), and yet this is just the effect of the will. We think it quite apparent that under this will the devise and bequest was to the executors in trust, and that out of the income of the trust estate they were first to pay an annuity to this defendant Roux during his life, the balance of the income to be distributed as therein directed. By section 63 of the article of the Revised Statutes relative to Uses and Trusts (1 R. S. 730, as amd. by Laws of 1893, chap. 452) it was provided that "No person beneficially interested in a trust for the receipt of the rents and profits of lands can assign or in any manner dispose of such interest," and under this provision of the statute it has uniformly been held that an annuity of annual payment out of the income of a trust estate was not assignable. (See *Cochrane* v. *Schell*, 140 N. Y. 516, and cases there cited.) This provision is now substantially contained in section 83 of chapter 547 of the Laws of 1896, and section 3 of chapter 417 of the Laws of 1897.

We think, therefore, that upon the finding of the court that this transaction was in effect a loan and not an absolute assignment of the annuities, and that the loan had been paid, the defendant was entitled to the judgment awarded him. We also think that the plaintiff was not entitled to recover, as these assignments of the

installments of this annuity were void under the statute to which attention has been called.

It follows that the judgment appealed from is affirmed, with costs.

VAN BRUNT, P. J., O'BRIEN, MCLAUGHLIN and HATCH, JJ., concurred.

Judgment affirmed, with costs.