(110 App. Div. 37)

STRINGER v. BARKER et al.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

1. ASSIGNMENTS—ESTATES ASSIGNABLE—EXPECTANCIES.
   Under Real Property Law, Laws 1896, p. 560, c. 547, § 3, providing that persons, other than minors and those of unsound mind, may transfer their estates and interests in real property, and section 49, p. 567, providing that an expectant estate is descendible, devisable, and alienable, a future estate may be assigned, whether it be vested or contingent, provided the uncertainty be not as to the person.
   [Ed. Note.—For cases in point, see vol. 4, Cent. Dig. Assignments, §§ 12–14.]

2. DEEDS—REMAINDERS—VESTED OR CONTINGENT.
   A trust limited to lives is no obstacle to the present vesting of a subsequent estate.

3. TRUSTS—FUTURE INCOME—ASSIGNMENT.
   Under Real Property Law, Laws 1896, p. 572, c. 547, § 83, and Laws 1897, p. 508, c. 417, § 3, prohibiting the beneficiary of a trust to receive rents and profits from assigning them, future income cannot be assigned by the beneficiary, though the trust is not a spendthrift trust.

4. ASSIGNMENTS—PARTIAL INVALIDITY.
   An assignment of a future estate and of future income is separable, so that the former may be sustained, though the latter is void.

Appeal from Trial Term, Kings County.

Action by Gertrude Stringer against George A. Barker and others. From the judgment, certain defendants appeal. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

James W. Hawes, for appellants.
Thomas Watts, for respondent.

JENKS, J. Barker took either a vested or a contingent estate. Section 30, Real Property Law (Laws 1896, p. 564, c. 547). The estate was a future estate. Section 27, Id. It was an estate in expectancy. Section 25, Id. My induction, therefore, is that it was descendible, devisable, and alienable. Sections 49 and 3, Id. And so are the authorities. If the estate was vested, the assignment was valid. Lewisohn v. Henry, 179 N. Y. 352, 361, 72 N. E. 239. If it was contingent, the assignment was likewise valid. (Kenyon v. See, 94 N. Y. 563; Hen-

nessy v. Patterson, 85 N. Y. 91, 104), inasmuch as the uncertainty was not as to the person (Reeves on Real Property, 608).

The learned referee decided that Barker took a vested remainder, and, if the decision of that question were necessary to the judgment that the assignment was valid and effective, I should be inclined to hold likewise. Prof. Reeves, in his admirable book on Real Property, considers the oft-quoted language of Woodruff, J., in Moore v. Littel, 41 N. Y. 66, 76, where, after considering the language of the statutes, the learned judge says:

"I read this language according to its ordinary and natural signification, and if you can point to a human being and say to him, 'That man or that woman, by virtue of a grant of a remainder, would have an immediate right to the possession of certain lands if the precedent estate of another therein should now cease,' then the statute says he or she has a vested remainder."

Mr. Reeves cites numerous judgments, many of them in our highest court, which have referred to the rule with approval, and says that, although the rule has been sharply questioned (notably a dictum in Hennessy v. Patterson, supra, which in turn has been cited in subsequent judgments), yet the rule of Moore v. Littel has not been shaken, but rather has been made the one practical test of a vested remainder. Examination of some at least of the numerous authorities cited by Mr. Reeves sustains the accuracy of the statement, and I think justifies his conclusion. Reeves on Real Property, p. 734, and note. A trust limited to lives is no more an obstacle to the present vesting than is a life estate. Matter of Tompkins, 154 N. Y. 634, 644, 49 N. E. 135.

I think that such assignment was not valid as an absolute assignment of income yet to accrue, because it was forbidden by statute. Section 83, Real Property Law (Laws 1896, p. 572, c. 547) ; section 3, c. 417, p. 508, Laws 1897. In Rothschild v. Roux, 78 App. Div. 282, 79 N. Y. Supp. 833, Ingraham, J., for the court, says that 1 Rev. St. (1st Ed.) p. 730, pt. 2, c. 1, tit. 2, § 63, as amended by chapter 452, p. 939, of the Laws of 1893, is substantially contained in the said section of the real property law and of chapter 417 of the Laws of 1897. The authorities are clear. Lent v. Howard, 89 N. Y. 169 ; Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251; Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971; Rothschild v. Roux, supra. The rule applies whether the trust is in real or personal property. Authorities, supra, and also Graff v. Bonnett, 31 N. Y. 9, 88 Am. Dec. 236, and especially Cochrane v. Schell, supra, at page 534 of 140 N. Y., page 976 of 35 N. E.

The learned counsel for the respondent urges that statutory restraint should not apply, forasmuch as the provision was not a spendthrift trust. In Cochrane v. Schell, supra (at page 533 of 140 N. Y., page 976 of 35 N. E.), the court, per Andrews, C. J., say:

"The primary purpose of subdivision 3 of section 55, as stated by the revisers, was to enable the owner of lands to make provision for the maintenance of infants, married woman, or improvident persons out of the rents and profits of his estate, and of section 63 to make the interest of the beneficiary inalienable. (Revisers' notes to sections 55 and 63.) But for obvious reasons the objects of a trust under the third subdivision were not specified, and it permits a trust for the receipt of rents and profits for the benefit of any person whomsoever."

I think that he cannot rely upon Matter of Tompkins, supra, for the reason that the judgment there but applied the rule of the statute that:

"Rents and profits undisposed of during a valid limitation of an expectant estate shall belong to the persons presumptively entitled to the next event ual estate."

In Chemung Canal Bank v. Payne, 164 N. Y. 252, 256, 58 N. E. 101, the court, per Werner, J., say that the "general rule is that, if the good be mixed with the bad, it shall nevertheless stand, provided a separation can be made"—citing Curtis v. Leavitt, 15 N. Y. 9, 96. I cannot see that the subjects of the assignment are so closely knit as to be inseparable. The annual payment is derived from the income of the entire corpus until the principal sum which is to be derived from the corpus becomes due and payable. When that principal sum is determined and payable, the earnings thereof covered by the assignment cease.

I think that the judgment must be modified as indicated, and, as thus modified, affirmed, without costs of this appeal. All concur. Order to be settled before JENKS, J.