(50 Misc. Rep. 400.)

## SCHELL et al. v. CARPENTER et al.

(Supreme Court, Special Term, New York County. May, 1906.)

WILLS—CONSTRUCTION—NATURE OF ESTATE.

 Testator gave the residue of his estate to his executors in trust for the benefit of his wife, and on her death to convey one share to his son to enjoy in severalty to himself and his heirs forever, provided that, if he should die leaving lawful issue at the death of testator's wife, then the share to be conveyed to them, but if he should have died without such issue then living to hold such share for testator's daughter and her issue, upon the same trust. The will further provided that on the wife's death his executors should retain the other share, receive the income, and pay it over to his daughter for life, and on her death leaving issue convey the same to them, or on her death without issue to convey it to his son, or if he should die leaving lawful issue to convey to them. The will further provided that if the son and daughter should die before the wife without issue living at the wife's death, or if the daughter should die after his wife without issue and after the son's death without issue, then the estate held in trust to be conveyed to testator's brothers and brother-in-law and to their issue. *Held*, that the son alone took a vested estate in the remainder, and a brother of testator took only a contingent estate which he could not convey by will.

Action by R. Montgomery Schell and others against J. Herbert Carpenter and others. Demurrer to complaint sustained.

John K. Erskine, Jr. (Thomas Thacher, of counsel), for plaintiffs.
Arthur F. Cosby, for defendant Helen Louise Morris.
Marshall, Moran & Williams, for defendant Estelle Morris Carnochan.
John S. Davenport, for defendant J. Herbert Carpenter.
Ward, Hayden & Satterlee, for defendant Anne Morris Ramsay.

LEVENTRITT, J. The defendants demur to a complaint in partition on the ground that the plaintiffs have no interest in the real property.

The essential allegations are:

Aquilla Giles Stout died in 1857, leaving a will by which, in the residuary clause, he devised his entire estate, with the exception of a few articles of personalty, to his executors in trust for the benefit of his wife for life. This clause further provided:

"Upon the death of my said wife, to divide the said trust estate into equal shares or portions and to convey and transfer one of such shares or portions to my said son, in such manner, that he may henceforth have, hold and enjoy the same in severalty, to himself, his heirs, executors, administrators and assigns forever, and in case my said son shall have died leaving lawful issue or other descendants, living at the death of my said wife, then to convey and transfer the same in like manner to such issue or other descendants and in case my said son shall have died without lawful issue or other descendants, living at the death of my said wife, then to hold and retain the same for the benefit of my said daughter and her issue or other descendants upon the same trust as the other half of my said estate is herein directed to be held and retained. And upon the death of my said wife to hold and retain the other of the said shares of the said trust estate upon this further trust, that is to say, to receive the rents, issues, profits and income thereof, and to pay the same over to my said daughter during her life, and upon her death leaving lawful issue or other descendants, to convey and transfer the same to such issue or

other descendants or if she shall have died without leaving lawful issue or other descendants then to convey and transfer the same to my said son or if he shall have died leaving lawful issue or other descendants, then to such issue or descendants. And if both my said son and daughter shall die before my said wife without leaving lawful issue or other descendants living at the death of my said wife, or if my said daughter shall die after my said wife without leaving, lawful issue or other descendants, and my son shall also have died before my said daughter without leaving lawful issue or other descendants living at the death of my said daughter, then to convey and transfer such part of my estate as shall be then held in trust to my brothers William C. Stout, and Arthur B. Stout and to my brother-in-law, Arthur B. Morris; or to such of them as shall then be living and to the issue or other descendants of such as shall be dead, in equal shares, that is to say, such issue or other descendants taking the share of his, her or their parent if living."

The words "issue" and "descendants" are defined in the will as meaning "issue then living" and "descendants of such issue as shall have died." Arthur B. Morris, William C. Stout, Francis A. Stout (the son), and Arthur B. Stout died in the order named, during the lifetime of the daughter and without leaving issue or descendants of issue. The daughter survived the widow. William C. Stout left a will by which he devised all his property, real and personal, to his wife, Delia H. Stout. The plaintiffs claim as residuary legatees under the will of Delia H. Stout.

The question presented is whether, under the clause of the will quoted, William C. Stout took any estate in the property sought to be partitioned, which vested at the death of the testator. The plaintiffs' contention is that William C. Stout took a vested estate in expectancy subject to being divested by an event which did not happen; that the same was held by him at his death, passed by his will, and was not divested thereafter. The Real Property Law (Laws 1896, p. 564, c. 547), § 26, enumerates estates in expectancy as (1) "Future estates" and (2) "Reversions." A future estate is defined as "an estate limited to commerce in possession at a future day, either with or without the intervention of a precedent estate, or on the determination, by lapse of time or otherwise, of a precedent estate created at the same time." Section 27. Upon the subject of vesting, the statute provides (section 30): "A future estate is either vested or contingent." It is vested, when there is a person in being who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain. These provisions are in all substantial respects the same as the statute in force at the testator's death. 1 Rev. St. (1st Ed.) p. 723, pt. 2, c. 1, tit. 2, § 10.

The one test of a vested remainder in this state seems to be that formulated in Moore v. Littel, 41 N. Y. 66, where the court said:

"If you can point to a man, woman or child who, if the life estate should now cease, would eo instanti et ipso facto, have an immediate right of possession, then the remainder is vested."

To the same effect is Stringer v. Barker (Sup.) 96 N. Y. Supp. 1052.

If all conditions precedent affecting the remainder would be fulfilled in favor of the remaindermen, by the immediate termination of

all the preceding estates, the remainder is vested. Or, as Prof. Reeves states it, that result follows if the remaindermen can say:

"If the particular estate should now terminate, all conditions precedent would be fulfilled in my favor, and I could immediately take possession of the property." Reeves on Real Property, § 79.

Applying these tests to this case, the contention of the plaintiff must fail, since the only person who was within the definition of the statute upon the death of the testator was the testator's son, Francis E. Stout, who alone would have taken had the estates of the widow and daughter immediately terminated. Upon that termination the conditions precedent would not have been fulfilled in favor of William C. Stout, under whom the plaintiffs claim, and he would have become possessed of no estate. Francis A. Stout was the only person who could by any possibility have taken any vested estate and he survived William C. Stout. The interest of William C. Stout was contingent upon the happening of uncertain future events, viz., the death of the testator's son and daughter without issue or descendants of issue, and he therefore took a contingent and not a vested interest at the death of the testator. Furthermore, the testator gave his property to his executors in the following language:

"I give, devise and bequeath the same to my executors, to have and to hold the same and every part thereof with the appurtenances unto my said executors, their successors and assigns."

The only words of gift as to remaindermen are found in the direction "to convey and transfer" at a future time. The language is:

"If my said daughter shall die after my said wife without leaving lawful issue or other descendants, and my said son shall also have died before my said daughter and without leaving lawful issue or other descendants living at the death of my said daughter, then to convey and transfer such part of my estate as shall be then held in trust to my brothers * * * or to such of them as shall then be living and to the issue or other descendants of such as shall be dead."

There is no present gift to William C. Stout. The only present gift is of the legal title to the executors, who are directed to hold the estate in trust and to transfer and convey after the death of the widow one-half to the son, the other half to be retained in trust for the benefit of the daughter, upon her death "to convey and transfer" the whole estate to the son or to his issue. If at the time fixed by the testator for ultimate distribution or division, namely, the death of the daughter, the son should be dead and no issue or descendants of issue survived him, the direction was "to convey and transfer such part of my estate as shall be then held in trust" to William C. Stout, Arthur B. Morris, and Arthur B. Stout "or to such of them as shall then be living," etc. Thus the testator himself annexed futurity to the substance of his gift to the three remaindermen named, and plainly expressed an intention to postpone the ultimate vesting of his estate until the happening of the contingencies, which he specified. Until they happened there was to be no vesting. Lewisohn v. Henry, 179 N. Y. 352, 72 N. E. 239; Richards v. Hartshorne, 110 App. Div. 650, 97 N. Y. Supp. 754; Matter of Baer, 147

N. Y. 348, 354, 41 N. E. 702. The rule is stated in Smith v. Edwards, 88 N. Y. 92, to be "that if futurity is annexed to the substance of the gift the vesting is postponed." In Matter of Crane, 164 N. Y. 71, 76, 58 N. E. 47, 50, this rule was approved, and the further rule stated that:

"Where the only words of gift are found in the direction to divide or pay at a future time, the gift is future, not immediate, contingent and not vested."

The gift to William C. Stout is found in the direction to convey at a future time, and "there was no vesting until the time to convey came around." Lewisohn v. Henry, supra; Matter of Baer, 147 N. Y. 348, 354, 41 N. E. 702; Matter of Crane, supra.

It is true, as plaintiffs contend, that the law prefers a construction which results in the immediate vesting of interests, but, as was said in Lewisohn v. Henry, supra:

"While the general rule favors the vesting of estates it was adopted by courts as a guide to the probable intention of testators and is never applied when that intention, as gathered from the entire will, is that the estate should not vest. All rules for the construction of wills yield to the actual intention, when that is reasonably clear to the mind of the judge reading the words of the testator."

The intention is the paramount rule of construction. Dougherty v. Thompson, 167 N. Y. 472, 483, 60 N. E. 760; Tilden v. Green, 130 N. Y. 29, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487. "While we are to encourage always a construction which leads to the vesting of legacies and seek diligently for evidence of such purpose and intention, we must still construe the will and not make it over to suit our own notions of what might have been wisest." Smith v. Edwards, supra.

Not only did the testator name a future time for the ultimate vesting of remainders, but he made survivorship at the time of distrubution an essential element to the acquisition of any interest by William C. Stout. His direction was to convey to William C. Stout, Arthur B. Morris, and Arthur B. Stout "or to such of them as shall then" (at the death of the daughter) "be living," and to the issue or descendants of such as should be dead. If all survived, they were to take a third. If one died leaving issue or descendants, his share was to go to them. If he left no issue or descendants, the surviving remaindermen were each to have one-half. If two died without leaving issue or descendants, the survivor was to take all. The gift was, therefore, to a class, being to a body of persons uncertain in number, to be ascertained at a future time, the share of each being dependent for its amount upon the ultimate number. Matter of Kimberly, 150 N. Y. 90, 93, 44 N. E. 945; Matter of Russell, 168 N. Y. 169, 61 N. E. 166; Herzog v. Title Guarantee & Trust Co., 177 N. Y. 86, 97, 69 N. E. 283, 67 L. R. A. 146.

From these views it follows that William C. Stout took no interest in the estate of Aquilla Giles Stout which could pass under his will. It thus becomes unnecessary to discuss the remaining grounds of demurrer.

The demurrer must be sustained, with costs.

Demurrer sustained, with costs.