## Case No. 7,944.

### KRUMBAAR v. BURT et al.

[2 Wash. C. C. 406.] [2]

Circuit Court, D. Pennsylvania. Oct. Term, 1809.

BANKRUPTCY—CONTINGENT INTERESTS—ASSETS.

1. A. H. devised an estate to C. S. for life, and after the death of C. S. he directed that the estate should be sold, and divided among the grandchil-

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

[2] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

dren of the testator. who should be living at the death of C. S. B. married one of the grandchildren, and before the death of C. S., B. became bankrupt. B. and wife. after the decease of C. S., sold the property claimed under the will of A. H., and the plaintiffs claimed under this conveyance. The decisions of the English courts abundantly prove, that a possibility whether belonging to the husband or the wife, would not pass to the assignees of the husband, on his becoming bankrupt. if it were not for the strong language of the statutes of bankruptcy.

2. The possibility held by B. under the will of A. H., formed no part of his estate to which he was entitled in law or equity. of which the commissioners could take possession under the fifth section of the bankrupt law of the United States [2 Stat. 23], and. therefore. they could not transfer it to the assignees of the bankrupt, under the provisions of the sixth section.

[Cited in Vasse v. Comegys, Case No. 16,893; Re McKenna, 9 Fed. 32.]

[Disapproved in Nash v. Nash. 12 Allen. 347, 348. Cited in Nash v. Nash. Id. 346; Kinzie v. Winston. 56 Ill. 64; Belcher v. Burnett, 126 Mass. 231.]

3. The provisions of the English bankrupt laws, and those of the bankrupt law of the United States, differ in relation to the contingent interests of the bankrupt; and it is clear, that by the most liberal construction of the law, the interest of the husband in the estate of his wife, under the will of A. H., did not pass to the assignees.

4. The provisions of the thirteenth section of the bankrupt law, do not affect this question; they do not require an assignment of contingent interests, but relate to their disclosure by the bankrupt.

In September, 1785, Adam Holt made his last will and testament, whereby he devised as follows: "I give and bequeath unto Mary Christine, my beloved wife, all my real estate, to and for her use, during her natural life, for her dowry; and after her decease, I direct the whole to be let out for a yearly rent, the one-third part of which, or if necessary, the one-half, shall be applied by my executors for fencing, and for repairing the buildings, if necessary, and the rest of the yearly rent shall be given yearly to my daughter, Catherine Schenick, to and for her support, during her natural life; and after her decease, the whole real estate to be sold by my executors, and the money to be divided among my grandchildren then living, share and share alike." Lewis Benner intermarried with Mary Schenick, one of the grandchildren of Adam Holt; and the said Lewis and Mary are still living. Catherine, the daughter of the testator, died in the year 1808. The real estate mentioned in the will, has been sold by the executor, and the proceeds thereof are admitted to be in the hands of the defendants for the purposes of the present suit, subject to the decision of the court upon this case. Lewis Benner became bankrupt. the commission against him bearing date the 2d day of June. 1802, and the defendants are his assignees, under the commission. The certificate was duly obtained on the —— day of —— in 1802. The said Lewis Benner, and Mary his wife, since the decease of Catherine the daughter of the testator. have regularly conveyed all their interest, under the will of Adam Holt, to Henry A. Ameling, for a valuable consideration, so far as the said Lewis and Mary then had right so to do, and the same is admitted to have been regularly transferred by Ameling to the plaintiff. The plaintiff and defendants have respectively claimed to recover the legacy in question, from the executor of Adam Holt; and this action is entered by agreement, to take the opinion of the court, upon the facts stated, which of them is entitled to recover; their rights in this cause being agreed to be the same as though the question were raised in a suit by either party against the executor, or as if a bill of interpleader had been filed by the executor. Upon these facts, this question is submitted to the court—Is the plaintiff entitled to recover the legacy or share of Mary Benner, under the will of Adam Holt?

Mr. Chauncey, for plaintiff, argued that the legacy to Mary, the granddaughter, was a mere possibility, and dependent upon her surviving Catherine, and could not have been assigned by the husband, until it vested; though his assignment, for valuable consideration, might have operated as a covenant and bound him in equity. Such an interest does not pass to the assignees, under our bankrupt law, though it would under the strong expressions of the bankrupt law of England, particularly those of the 13 Eliz. and 5 Geo. III., and upon those expressions. all the English cases go. Similar expressions are not found in the bankrupt law of the United States. He cited 2 Atk. 208; 3 P. Wms. 132; 9 Ves. 87. Besides, he contended. that if the estate did pass to the assignees, they should make a provision for the wife.

Mr. Rawle, for defendants, relied upon the English cases to show that the wife's choses in action, and possibilities, pass to the assignees; and contended that our bankrupt law should be construed liberally, to include all that the husband could claim, although it vested in interest, after the certificate. He denied that a provision for the wife could be decreed, except in cases where the aid of a court of equity was necessary to the person claiming the wife's property. He cited Cooke, Bankr. Laws, 264, 290. 296; 1 Brown, Ch. 50; 1 Atk. 192, 280; 2 Atk. 420; 4 Ves. 515, 528; 4 Brown, Ch. 140; 3 P. Wms. 202; 2 Day, 70.

WASHINGTON, Circuit Justice. The cases quoted by Mr. Chauncey abundantly prove that a possibility, whether belonging to the husband or wife, would not pass to the assignees of the husband becoming bankrupt, if it were not for the strong expressions used in the English statutes of bankruptcy. The husband may extinguish his wife's choses in action by a release, and he may, in equity, assign away a possibility, to which she is entitled; so far as that. a court of equity will compel a specific performance when the right vests, provided the assignment was made for a valuable consideration. But this, which is

called an assignment, is nothing more than a covenant, and passes nothing at law. If, however, a specific execution of the agreement may be enforced in equity, then the bankrupt may part with it, which brings the case within the statute of 13 Eliz., and more strongly within the words of the 5 Geo. III. But this possibility forms no part of the estate of the bankrupt, to which he is entitled in law or equity, of which the commissioners can take possession, under the fifth section of the bankrupt law of the United States, nor, consequently, such as they could transfer to the assignees under the sixth section: nor is it a debt due to the bankrupt, so as to come within the provisions of the thirteenth section nor did the estate vest in the bankrupt, previous to his certificate, so as to be embraced by the fiftieth section: nor, finally, is it a debt, duty, or demand, within the fifty-sixth section, upon which the assignees could, at any time before the certificate, have instituted a suit. Why the legislature of the United States, with the English statutes in their view, did not think proper to include contingent interests of this kind, in the assignment of the bankrupt's effects, it is impossible for this court to say; but it is most clear, that by no construction of the law, however liberal, can this interest of the husband be decided to pass to the assignees. Judgment must therefore be for the plaintiff.

Mr. Rawle, after the opinion was given, mentioned the eighteenth section of the bankrupt law, which had escaped his attention at the argument. But THE COURT, after argument, determined that this section related only to a discovery by the bankrupt, and rather seemed confined to dispositions which he had made; but, at all events, it was a proper provision, and did not imply that all the interest which might be disclosed, was therefore to be assigned; for, as possibilities and contingent interests might fall in between the commission of bankruptcy and the certificate to which the assignees would undoubtedly be entitled, it was very proper that a full disclosure should be made of expected and contingent, as well as of vested rights. But this section does not require an assignment of such rights, while they are contingent.