CATHERINE BELCHER *vs.* MARY A. BURNETT & others.

Middlesex.   Jan. 7. — 21, 1879.   COLT & ENDICOTT, JJ., absent.

Under a devise to a man and his wife for their lives, and upon their death to such of their children named in the will as shall then be living, the interest of a child will pass by an assignment of his estate in bankruptcy under the U. S. St. of March 2, 1867, § 14, in the lifetime of the parents.

PETITION to the Superior Court for partition of a parcel of land in Cambridge, in which the petitioner claimed one undivided twelfth part. The case was submitted to that court on an agreed statement of facts in substance as follows:

Katharine Morse, the grandmother of the petitioner, under whom the petitioner claims title, died in 1835, seised and possessed of one undivided half part of said parcel of land. Her will, which was duly admitted to probate, contained the following provisions: " I give and devise to my son Royal Morse and Hannah his wife and the survivor of them the use and improvement, during their natural lives and the life of the survivor of them, of all my real estate in said town of Cambridge, to hold to them and the survivor of them for the support and maintenance of my grandchildren hereinafter named. On the decease of the said Royal and Hannah Morse, I give and devise to my grandchildren " (naming them) " all my said real estate, to be equally divided among all my said grandchildren who shall be living at the decease of the survivor of my son Royal Morse and Hannah his wife, to hold to them and their heirs forever."

Royal Morse survived his wife Hannah, and died in 1872, and, at the time of his decease, there were living six of the grandchildren of the testatrix named in the will, of whom the petitioner was one.

On September 2, 1868, the petitioner was, upon her own petition, duly adjudged a bankrupt under the laws of the United States, and all her estate, real and personal, was assigned to James H. Wyeth, who was appointed assignee of her estate. The interest of the bankrupt in said parcel of land was set forth in the schedule of assets filed with the petition in bankruptcy. The assignee in bankruptcy duly sold by public auction, and on November 11, 1868, conveyed in fee simple all his " right,

title, interest and estate as assignee as aforesaid" in and to the said parcel of land, to George A. Morse, one of the respondents, who claims to hold the share of the bankrupt in said parcel of land under and by virtue of the conveyance to him.

If the petitioner was entitled to partition, judgment was to be entered for her; otherwise, the petition was to be dismissed.

The Superior Court ordered the petition to be dismissed; and the petitioner appealed to this court.

*J. Cutler*, for the petitioner.

*W. S. Hall*, for the respondents.

GRAY, C. J.   The interest of the petitioner in the estate of her grandmother, though a contingent remainder which would not vest in possession unless and until she survived her parents, was yet vested in her in right from the death of the testatrix, capable of alienation by her during the life of her parents, and, as has been directly adjudged by this court, was such an interest as would pass to an assignee under the insolvent law of the Commonwealth, or under the United States bankrupt act of 1841, subject to the same contingencies in the hands of the assignee as in those of the assignor. *Dunn* v. *Sargent*, 101 Mass. 336. *Merriam* v. *Simonds*, 121 Mass. 198, 202. *Gardner* v. *Hooper*, 3 Gray, 398. *Nash* v. *Nash*, 12 Allen, 345. *Minot* v. *Tappan*, 122 Mass. 535. *Daniels* v. *Eldredge*, 125 Mass. 356.

The terms of the bankrupt act of 1867, though differing in language, are equally comprehensive in effect.   U. S. St. March 2, 1867, § 14.   U. S. Rev. Sts. §§ 5044, 5046.   *Leonard* v. *Nye*, 125 Mass. 455.   *Erwin* v. *United States*, 97 U. S. 392.   *Durant* v. *Massachusetts Hospital Life Ins. Co.* 2 Lowell, 575, 579.   The decision of Mr. Justice Washington in the early case of *Krumbaar* v. *Burt*, 2 Wash. C. C. 406, upon which the petitioner relies, proceeded upon the same narrow construction of the bankrupt act of 1801, which that learned judge afterwards applied in *Vasse* v. *Comegys*, 4 Wash. C. C. 570, in which he was overruled by the Supreme Court of the United States.   *Comegys* v. *Vasse*, 1 Pet. 193, 218.                    *Judgment affirmed.*