HENRY R. BRIGHAM, assignee, vs. HOME LIFE INSURANCE
COMPANY & others.

Suffolk.   March 15. — June 30, 1881.   COLT, LORD & DEVENS, JJ., absent.

By the terms of a policy of life insurance, the insurer promised to pay a certain
sum to the assured on a day named, or to his children within sixty days after
due notice and proof of loss. *Held*, that the promise to pay to the children
took effect only in case the assured should die before the day named; that,
before that time, the assured had a valuable interest in the policy, which passed
to his assignee in bankruptcy; and that the assignee could maintain a bill in
equity to recover possession of the policy from the insurance company, to
whom it had been surrendered and discharged by the assured after his bank-
ruptcy, and by whom it was secreted and withheld, so that it could not be
replevied.

BILL IN EQUITY, filed March 20, 1880, by the assignee in
bankruptcy of William Scollan, to recover possession of a policy
of life insurance issued by the defendant company to Scollan
on July 9, 1878.   Hearing before *Colt*, J., who reported the case
for the consideration of the full court.   The facts appear in the
opinion.

*A. A. Ranney*, for the defendant corporation.

*T. P. Proctor*, for the plaintiff, was not called upon.

MORTON, J.   The policy issued by the defendant company
insures the life of William Scollan " in the amount of thirty-six
hundred dollars, for the term of six years with endowment with-
out participation in profits."   By it the insurer " promises and
agrees to and with William Scollan to pay the sum assured at
its office in this city to him on the thirteenth day of October
1884, or to his children," [naming them,] " share and share alike,
or to the survivors or survivor of them within sixty days after
due notice and proof of loss and interest, satisfactory to the
company, in accordance with the terms of this contract."   The
first clause is an absolute promise to pay the sum assured to
Scollan on October 13, 1884, if he complies with the terms of
the contract.   If he lives to that time, he, or his assignee, will
have the exclusive right to collect the amount.   The promise
in the last clause, to pay to his children, was clearly intended to
be an alternative promise, and to apply only in case he should
die before the day when payment was to be made to him.   The

promise is to pay to the children "within sixty days after due notice and proof of loss," that is, after proof of the death of the insured. Construed in its connection with the absolute promise to pay Scollan at the termination of the policy, it admits of no sensible interpretation except that it is an alternative promise to pay to the children in case Scollan shall die before October 13, 1884.

This being the true construction of the contract, it is clear that Scollan had a valuable interest in this contract of insurance, which passed to his assignee in bankruptcy. The assignment in bankruptcy conveyed to the assignee "all the estate, real and personal, of the bankrupt, with all his deeds, books and papers relating thereto," with certain exceptions not material to this case. U. S. Rev. Sts. §§ 5044–5046. *Leonard* v. *Nye,* 125 Mass. 455. *Belcher* v. *Burnett,* 126 Mass. 230. All the interest which Scollan had in this policy of insurance, therefore, passed to and vested in his assignee, subject to the same contingencies in his hands as in the hands of the bankrupt. After the assignment, Scollan had no control or power of disposition over it, and his attempted surrender and discharge of it to the defendant was inoperative and void. It still remains the property of his assignee, the plaintiff, and he is entitled to the possession of it. Scollan had the exclusive right to the possession of the policy as the evidence of his contract, both against the company and against his children, as long as he lived, and this right passed to the plaintiff. We are not called upon to consider whether the plaintiff has the right to assign this policy without the assent of the company; he has at least the right to its possession for the purpose of enabling him to collect the amount insured when it becomes payable, if Scollan shall then be living.

The remaining question is whether this court has jurisdiction in equity to compel the delivery of the policy to the plaintiff. The bill states, and the evidence shows, that the policy is secreted and withheld by the company, so that it cannot be replevied. The plaintiff has a right to the securities belonging to the estate of the bankrupt. If his only right is to collect the sum insured when it becomes payable, he is entitled to the policy as evidence, and the want of it may cause embarrassment and possible danger of failure in a suit at law. He has no plain, adequate

and complete remedy at law which will fully protect and guard his rights, and is therefore entitled to maintain this bill. *Sears* v. *Carrier*, 4 Allen, 339. *Pierce* v. *Lamson*, 5 Allen, 60.

*Decree affirmed.*