LUCY KATHARINE BECKETT, Plaintiff, *v.* JOHN PIERPONT MORGAN and Others, Defendants.

Supreme Court, Kings Special Term, January, 1924.

Wills — construction — bequest of life estates with remainders over to issue of life tenants — when intention of testatrix construed to mean that remainder over should pass to plaintiff and cousin or their issue or to plaintiff and her cousin or their survivor — plaintiff as only surviving issue of life legatee entitled to receive entire deposit of securities and cash in hands of depositary.

A testatrix who died in 1901 in and by a certain paragraph of her will, after a bequest to her husband of all of her carriages, furniture and other personal effects not otherwise disposed of by the will, devised and bequeathed to him a life estate in all the rest, residue and remainder of her estate, both real and personal, with remainder over to the following persons and in the following proportions: "To my cousins Lucy E. Lee and Katherine P. Hurlbert each four-sixteenths to be by each severally held for life, with the remainder of each several share to the issue of the legatee to whom the share is devised, and in case either

of the legatees shall die without issue then the share of such legatee shall revert to the issue of the other, the word ' issue ' in the descent through Lucy E. Lee being limited to her granddaughters Lucy Katharine Beckett and Muriel Beckett. If such Lucy E. Lee and Katherine P. Hurlbert die without leaving issue then the said bequests of eight-sixteenths of my estate shall lapse and fall into the remainder of my estate, the word ' issue ' as applied to Lucy E. Lee still construed as meaning her granddaughters Lucy Katharine Beckett and Muriel Beckett." The said Muriel Beckett, who was the granddaughter of Lucy E. Lee, died in 1916, leaving a last will and testament which was duly admitted to probate in Great Britain. Lucy E. Lee died in January, 1918, survived by the plaintiff herein, her daughter, and Katherine P. Hurlbert, the other life legatee, died in May, 1922, and the last will and testament of each of them was duly admitted to probate in the county of New York. When the will of testatrix herein was made in 1895, the legal issue of Lucy E. Lee were not only the plaintiff herein and Muriel Beckett but there was also a grandson of Lucy E. Lee, who is still living, who by the will of Muriel Beckett is to partake of any estate which may pass to her under the will of the testatrix herein. The defendants, a firm of bankers, by the decree of the Supreme Court made in an action for a final accounting brought in 1903, by the sole surviving executor of the testatrix herein, became the depositary of certain securities and moneys which had been delivered to the life legatees upon their giving a bond that the principal should not be dissipated. The said decree further provided that, after the death of the said cousins of testatrix, the securities in the hands of the depositary should be distributed pursuant to the above-mentioned paragraph of the will of the testatrix herein to secure a construction of which the present action is brought. *Held,* that it was the intention of the testatrix that the remainder over should pass either to plaintiff and Muriel Beckett or their issue, or to the plaintiff and Muriel Beckett or the survivor of them.

It was also clear that at the death of Katherine P. Hurlbert the remainder limited upon her life estate vested in the issue of Lucy E. Lee, the other life legatee, and as the plaintiff was the only one surviving and specifically in the mind of the testatrix, she was entitled to receive the entire deposit of securities or cash or both in the hands of the depositary, and it is decreed accordingly.

PROCEEDINGS to construe a will.                    —

*Satterlee, Canfield & Stone,* for plaintiff.

*Stetson, Jennings, Russell & Davis,* for J. P. Morgan & Co.

*Malcolm C. Law,* for J. Birney Tuttle, receiver, etc.

*Barnes, Chilvers & Halstead,* for Ralph William Beckett and William J. Beckett.

*Daniel R. Brenton,* for Herbert L. Satterlee and Bankers' Trust Company, executors, etc.

DIKE, J.    J. P. Morgan & Co., bankers, became the depositary of certain securities and moneys which had been delivered to Lucy E. Lee and Katherine P. Hurlbert, life legatees under the last will and testament of Katharine Roxana Field, by an order of the

Supreme Court, January, 1924.        [Vol. 122

Supreme Court, Kings county, in 1903, which order was made in a certain final accounting in said estate by William Jay, sole surviving executor, and which order among other things directed that said property be so placed with the depositary, above mentioned, upon the life legatees giving a bond that the principal should not be dissipated, they to enjoy the income arising therefrom during their lifetime.   The decree of the Supreme Court further provided that after the death of the life legatees, Lucy E. Lee and Katherine P. Hurlbert, the said securities and funds in the hands of the depositary should be distributed pursuant to the provisions of paragraph 7 of the will of Katharine Roxana Field.   The testatrix, Katharine Roxana Field, died in August, 1901, and her will was duly admitted to probate.   This proceeding is brought to secure a construction of the said will and the codicils thereto, but especially paragraph 7 of said last will and testament, which reads as follows:

"*Seventh.* I give to my said husband Osgood Field my carriages, furniture and other personal effects not herein otherwise disposed of, for his own use forever, and I also give and devise to my said husband all the rest and remainder of my estate real and personal, to be by him held for his own use and benefit for the term of his natural life, with the remainder over to the following persons in the following proportions: To my cousins Lucy E. Lee and Katherine P. Hurlbert each four-sixteenths to be by each severally held for life, with the remainder of each several share to the issue of the legatee to whom the share is devised, and in case either of the legatees shall die without issue then the share of such legatee shall revert to the issue of the other, the word ' issue ' in the descent through Lucy E. Lee being limited to her granddaughters Lucy Katharine Beckett and Muriel Beckett.   If such Lucy E. Lee and Katherine P. Hurlbert die without leaving issue then the said bequests of eight-sixteenths of my estate shall lapse and fall into the remainder of my estate, the word ' issue ' as applied to Lucy E. Lee still construed as meaning her granddaughters Lucy Katharine Beckett and Muriel Beckett."

It appears that the said Muriel Beckett named in paragraph 7 of the will was the granddaughter of Lucy E. Lee, and that said Muriel Beckett died in June, 1916.   Muriel Beckett left a last will and testament which was duly admitted to probate by the Probate Division of His Majesty's High Court of Justice of the United Kingdom of Great Britain.   Thereafter Lucy E. Lee, the life legatee, died in January, 1918, leaving a last will and testament,

with codicils thereto, which were admitted to probate by the Surrogate's Court of New York county, and then followed in May, 1922, the death of the other life legatee, Katherine P. Hurlbert, who left a last will and testament, duly admitted to probate in the county of New York. The said Katherine P. Hurlbert died without issue, and the plaintiff in this action is the only survivor of Lucy E. Lee, named in the said 7th paragraph of the will now under examination.

This would be a situation from which little difficulty were to be expected were it not that in 1895, when the will was made, the legal issue of Lucy E. Lee were not only Lucy Katharine Beckett, the plaintiff herein, and Muriel Beckett, who departed this life, as above set forth, but also Ralph William Beckett, who is a grandson of said Lucy E. Lee and who is still alive, and by the said will of Muriel Beckett is to partake of any estate which may pass to her under the will of the testatrix. Is there any such estate capable of being devised? The position of the plaintiff is that she alone is entitled to the property and all of the property now in the hands of the depositary, J. P. Morgan & Co., she being the sole person entitled to the shares of the life legatees. The executors of the last will and testament of Muriel Beckett claim as representatives of her estate that they are entitled to one-half of said funds. This demand is based upon the claim that Muriel Beckett had a vested remainder in this property under paragraph 7, and are thus entitled to her share in such remainder, viz., one-half.

What did the testatrix intend? The clear interpretation of the words in paragraph 7 shows her intention upon the event of the death of Katherine P. Hurlbert to direct a distribution of the remainder limited upon her life estate to her issue. Equally clear is it that in the case of the other. life legatee, Lucy E. Lee, a similar distribution should be made of that share of the estate to certain specific and named granddaughters, namely, Muriel Beckett and the plaintiff herein, Lucy Katharine Beckett, and their issue. Provision is clearly made for the case of either life legatee dying without issue and in such case the testatrix directed a " reversion " to the issue of the other, and specifically in the case of issue in descent through Lucy E. Lee, limiting the issue to the same granddaughters, namely, Muriel Beckett and the plaintiff. " If both Lucy E. Lee and Katherine P. Hurlbert die without leaving issue then the said bequests of eight-sixteenths of my estate shall lapse and fall into the remainder of my estate," the word " issue " so

far as applying to Lucy E. Lee specifically designating the two named granddaughters. Is this exclusive of any one else? Does it not clearly indicate that in the mind of the testatrix she desired these two named grandchildren alone to benefit in case of the contingency provided for? Was this not a controlling limitation in the distribution of the estate? Ralph William Beckett was alive at the time of the making of the will, yet one may look in vain throughout this will to find any mention of such grandchild. Is it not, therefore, a fair construction of this paragraph to say that the remainder was to pass either to the plaintiff and Muriel Beckett or their issue, or to the plaintiff and Muriel Beckett or the survivor? When Katherine P. Hurlbert died, and without issue, it was clear that the provision of the will became effective and the remainder limited upon the life estate vested in the issue of the other life legatee, and as the plaintiff was the only one surviving, and specifically in the mind of the testatrix, it would seem that the plaintiff should prevail in her contention.

The executors of Muriel Beckett contend that the remainder in Muriel Beckett and Lucy Katharine Beckett were vested remainders and that they should have one-half of the funds in the hands of the depositary.

In *Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86, 91, we find this to be said upon the intention of a testator: " The intent to be discovered is not whether he intended to make a valid disposition of his estate, but what provisions he in fact intended to make."

A perusal of the paragraph in question discloses reiterated mention of the legatees who are specifically named. The intention of the testatrix must, therefore, outweigh any construction to which it might be opposed. *Matter of Young*, 145 N. Y. 535. "The intention shall control where it can be ascertained ' within the four corners of the will.'" "If futurity is to be annexed to the substance of the gift, the vesting is suspended." *Matter of Crane*, 164 N. Y. 71, where in a case similar to the instant case the remainder was held contingent and did not vest until the death of the life beneficiary. *Shindler* v. *Robinson*, 150 App. Div. 875, 879.

I am not unmindful of the authorities urged upon me and submitted on behalf of Ralph William Beckett and William Gervase Beckett, executors of the estate of Muriel Beckett.

The case of *Stokes* v. *Weston*, 142 N. Y. 433, is cited as the leading case upholding their contention that the remainder in Muriel was

vested at the death of the testatrix and could not be defeated by the death of the remainderman before the life tenant, Lucy E. Lee. But even in that case (*Stokes* v. *Weston, supra,* at p. 436), Bartlett, J., in upholding the general rule and reviewing the cases, cites *Matter of N. Y., L. & W. R. Co.,* 105 N. Y. 92, and quotes Rapallo, J., as saying: "This construction is uniformly adopted unless there is some language in the will indicative of a different intention on the part of the testator," and later (at p. 437) said: "An examination of the cases in this court where the rule has not been applied will disclose the fact that there was some language of the testator indicating a different intention."

In the instant case we find in the words of the testatrix in the paragraph under discussion a positive exclusion of Ralph William Beckett from any participation in this property, the testatrix undoubtedly realizing that as Ralph was a British subject he would receive under the English law the advantages which that law accords to the male issue, and, in any event, by not naming him, in my judgment, has excluded him. A further indication, if necessary, that the interest of Muriel was contingent is to be found in the fact that Muriel's interest was limited upon the failure of Katherine P. Hurlbert to leave issue of her surviving, and it would thus seem to me that the remainder limited upon the life estate of Katherine P. Hurlbert should not vest in the plaintiff or Muriel Beckett unless or until Katherine P. Hurlbert died without issue leaving the plaintiff and Muriel Beckett, or one of them, or the issue of one or both of them surviving. My conclusion is, therefore, that the plaintiff should receive the entire deposit of securities or cash or both in the hands of the depositary and that the depositary is entitled to deduct from the securities and moneys deposited by the life legatees, as security against depreciation of the principal of the respective shares of the said life legatees, a sufficient sum to equalize the loss in said principal of the said shares, and to add such sum to the said principal of said shares.

Let decree be submitted in conformity with the above on consent, or, if desired, upon notice.

**Decreed accordingly.**