In the Matter of the Accounting of ALEXANDER B. CRANE, as Substituted Trustee of LEWIS F. BATTELLE, Deceased.

C. LEWIS BIGGS et al., Appellants; DUNCAN EDWARDS et al., Respondents.

CONSTRUCTION OF WILL — VESTED OR CONTINGENT REMAINDER. Under a will which bequeaths the residue of the estate to the executors in trust, commands them to sell the real estate, convert the personalty into .cash and invest the proceeds, directs that the trust term shall be measured by the life of the testator's wife, to whom the executors are to pay an annuity, and provides that "upon the decease of my said wife I order and direct that my estate be divided" equally between his brothers and sisters and niece, each to take an equal share, except that from the share of one of the brothers a certain sum shall be deducted "which sum I do give and bequeath to be paid to my nephew," and further provides that the share of such brother and another brother shall be held in trust during their lives, the income to be paid to them and the principal to their issue in equal shares after their death, and further provides that if any of the brothers and sisters or the niece shall die before the testator's wife, leaving lawful issue him or her surviving, the share of one so dying shall be paid over to his or her issue in equal shares, and if no issue survives, then the share is to be divided among the survivors and the lawful issue of any of one or more of them who shall have died leaving lawful issue surviving, each one of the said survivors taking one equal share thereof, and the lawful issue of any one deceased to take the share of the parents, if one, solely, if more than one, jointly and equally, the brothers, sisters and niece of the testator

take contingent remainders only, and not vested remainders subject to be divested as to any one of them by his or her death prior to the decease of the testator's wife; and in the event of the death of one of them before the widow, those of his or her children who survive the widow take to the exclusion of an assignee of a child who died unmarried and leaving no issue after the death of the parent but during the lifetime of. the widow; since aside from the direction to the executors or trustees to divide and distribute the estate upon the death of the widow, there are no words importing a gift, and where the only gift is found in a direction to divide, or pay, at a future time, the gift is future not immediate; contingent and not vested.

*Matter of Crane,* 36 App. Div. 468, reversed.

(Argued June 4, 1900 ; decided October 2, 1900.)

A PPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, made January 31, 1899, affirming a decree of the Surrogate's Court of the county of New York judicially settling the account of Alexander B. Crane, as substituted trustee under the last will and testament of Lewis F. Battelle, deceased, and construing certain parts of said will.

The facts, so far as material, are stated in the opinion.

*Stephen O. Lockwood* for appellants. The decisions of the Supreme Court, Appellate Division and of the Surrogate's Court rest upon the rule that the law favors the vesting of legacies, and they subvert the intention of the testator by not giving due consideration to the will or to certain other rules of interpretation applicable to it. (2 Redf. on Wills, 379 ; *Teed* v. *Morton,* 60 N. Y. 506 ; *Vincent* v. *Newhouse,* 83 N. Y. 511 ; 3 Jarman on Wills, 588, 744 ; *Clark* v. *Cammann,* 160 N. Y. 315.) The testator intended to divide his residuary estate upon the death of his widow among living legatees ; he did. not intend to vest any interest in brothers, sisters and niece or their issue, during the lifetime of his widow. (1 Redf. on Wills, 451 ; *Matter of Mosely,* L. R. [5 App. Cas.] 714 ; *Matter of Brown,* 154 N. Y. 314 ; *Clark* v. *Cammann,* 14 App. Div. 127 ; *Delafield* v. *Shipman,* 103 N. Y. 463 ; *Shipman* v. *Rollins,* 98 N. Y. 311 ; *Geisse* v. *Bunce,* 23 App.

Div. 289; *Parker* v. *Tootal*, 11 H. L. Cas. 164; *Smith* v. *Edwards*, 88 N. Y. 92; *Teed* v. *Morton*, 60 N. Y. 506; *Vincent* v. *Newhouse*, 83 N. Y. 511.)    The interest of William S. Biggs in the estate was contingent until the death of the testator's widow; and the assignment thereof by him to Edwards and Davis became inoperative by reason of his death before the testator's widow.   (*Teed* v. *Morton*, 60 N. Y. 506; *Matter of Baer*, 147 N. Y. 348; *Smith* v. *Edwards*, 88 N. Y. 92; *Delaney* v. *McCormack*, 88 N. Y. 174; *Warner* v. *Durant*, 76 N. Y. 136; *Vincent* v. *Newhouse*, 83 N. Y. 511; *Delafield* v. *Shipman*, 103 N. Y. 463; *Hobson* v. *Hale*, 95 N. Y. 588; *Shipman* v. *Rollins*, 98 N. Y. 311; *Matter of Brown*, 154 N. Y. 314.)

*Duncan Edwards* for respondents.    The testator's intention must outweigh any rule of construction to which it is opposed.   (*Matter of Young*, 145 N. Y. 535; *Miller* v. *Gilbert*, 144 N. Y. 68–73; *Shipman* v. *Rollins*, 98 N. Y. 311; *Bisson* v. *W. S. R. Co.*, 143 N. Y. 125.)    If the distribution in the future of a trust estate under a will appears to be postponed simply to let in some intermediate estate, the ulterior legatees will take a vested interest at the death of the testator, and in this case at the earliest possible moment.   (*Matter of Embree*, 9 App. Div. 602; 154 N. Y. 778; *Peckham* v. *Gregory*, 4 Hare, 396; *Matter of Bennett*, 3 K. & J. 280; *Matter of Theed*, 3 K. & J. 379; *Halifax* v. *Wilson*, 16 Ves. 171; *Loder* v. *Hatfield*, 71 N. Y. 92; *Matter of Young*, 145 N. Y. 535; *Flanagan* v. *Staples*, 28 App. Div. 319; *Martin* v. *Holgate*, 1 Eng. & Ir. App. 175; *Campbell* v. *Stokes*, 142 N. Y. 23.)

PARKER, Ch. J.    On this review we are called upon to construe the will of Lewis F. Battelle, who, at the time of its execution, had no descendants, but had a wife, seven brothers and sisters and a niece.    After providing for the payment of his debts and funeral expenses he gave to his wife his household furniture, the contents of his stable and ten

thousand dollars in money, and to two of his sisters and his brother Thomas certain legacies, after which he devised and bequeathed all the rest of his estate to his executors in trust, commanding them to sell and dispose of all of his real estate, to convert his personalty into cash, and to invest the avails of such sales and collections in bonds secured by mortgages on real estate in the city of New York or in Jersey City, New Jersey. He provided that the trust term should be measured by the life of his wife, to whom the executors were to pay an annuity of three thousand dollars, and also provided for annuities to two of his sisters and a niece. So much of the will as relates to the disposition of the principal of the trust after the death of his wife reads as follows: " *Sixth.* Upon the decease of my said wife, I order and direct that my estate be divided as follows, viz.: Equally between my brothers and sisters and my niece, Flora W. Bulkley, each one to take one equal share thereof, provided, however, that from the share which my brother Charles B. Battelle will be entitled to there shall be deducted the sum of five thousand dollars, which sum I do give and bequeath to be paid to my nephew Lewis Francis Battelle, son of my brother Cornelius; and provided further, that as to the share of my brother Charles B. Battelle, I direct that the same be invested by my executors and the interest and income thereof be applied to his use during his life, and from and after his decease that the principal thereof be paid to his lawful issue in equal shares; and as to the share of my brother Thomas D. Battelle, I direct that the same be invested by my executors and the interest or income therefrom be applied to his use during his life ; and after his decease that the principal be divided among my remaining brothers and sisters, and provided further that if my said nephew, Lewis Francis, shall depart this life before my wife, then the said five thousand dollars is to be divided equally between his sisters then living, and provided further, that if any of my said brothers and sisters and niece shall depart this life before my said wife, leaving lawful issue him or her surviving, then the share of the one so dying shall be

paid over to their issue in equal shares.   Should they leave no lawful issue him or her surviving, then the share is to be divided among the survivors and the lawful issue of any one or more of them who shall have died leaving lawful issue him or her surviving, each one of the said survivors taking one equal share thereof, and the lawful issue of any one deceased to take the share of the parents, if one solely, if more than one, jointly and equally."

The testator's seven brothers and sisters and his niece, Flora W. Bulkley, survived him, but all died during the lifetime of the widow, four leaving issue who survived the widow and four without issue.   One of his sisters, Emma Biggs, died during the lifetime of the widow leaving six children, one of whom, William S. Biggs, assigned his interest under the will of the testator to the respondents and died during the lifetime of the testator's widow unmarried and leaving no issue. The other five children of Emma Biggs survived the testator's widow and claimed upon the accounting of the executors before the surrogate to be entitled to the share which their mother would have received had she survived the testator's widow, their contention being that the share of their mother remained contingent until the death of the testator's widow, and hence should be paid to her five living children ; but the surrogate adjudged that the one quarter part of the estate which would have been paid to Emma Biggs had she outlived the testator's widow vested in her issue at her death and should be divided into six equal parts, one of which should be paid to each of the five surviving children of Emma Biggs and the remaining part to the assignee of William S. Biggs. The Appellate Division agreed with this determination and affirmed the decree.   In reaching this conclusion the court below construed the will as vesting the remainders given to the brothers and sisters and the niece immediately upon the death of the testator, subject to be divested as to any of the parties by their death prior to the decease of the testator's widow, and in the case of the death of a party leaving issue, then on such death vesting the share of the parent in the issue.

We are unable to agree with the courts below in the construction given to this provision of the will. In the first place, it will be noted that there is no direct gift of the principal of the trust estate, but instead a direction to divide it on the death of the testator's widow. The will provides: "Upon the decease of my said wife I order and direct that my estate be divided as follows, viz. : Equally between my brothers and sisters and my niece, Flora W. Bulkley, each one to take one equal share thereof. *  *  *  Provided further, that if any of my said brothers and sisters and niece shall depart this life before my said wife, leaving lawful issue him or her surviving, then the share of the one so dying shall be paid over to their issue in equal shares." Two well-known rules of construction are applicable to this provision : *First.* Where the only words of gift are found in the direction to divide or pay at a future time the gift is future, not immediate; contingent and not vested. (*Matter of Baer,* 147 N. Y. 348, 354; *Delafield* v. *Shipman,* 103 N. Y. 464; *Delaney* v. *McCormack,* 88 N. Y. 174, 183.) *Second.* Where the gift is of money and the direction to convert the estate is absolute, the legacy given to a class of persons vests in those who answer the description and are capable of taking at the time of the distribution. (*Teed* v. *Morton,* 60 N. Y. 506; *Matter of Baer, supra,* 353; *Smith* v. *Edwards,* 88 N. Y. 92.) In the latter case Judge FINCH said : "It has been often held, that if futurity is annexed to the substance of the gift, the vesting is suspended; *  *  *  that where the only gift is in the direction to pay or distribute at a future time, the case is not to be ranked with those in which the payment or distribution only is deferred, but is one in which time is of the essence of the gift." It is true that, to these general rules of construction there are exceptions, and the cases noting them can be grouped under two heads: *First.* If the postponement of the payment is for the purpose of letting in an intermediate estate, then the interest shall be deemed vested at the death of the testator and the class of legatees is to be determined as of that date, for futurity is not annexed to the substance of the gift.

To the contention that it has been held that *Matter of
Embree* (9 App. Div. 602, affirmed in this court on opinion
below) is within that exception and, therefore, this case is, we
answer that in the *Embree* case (in the language of the opinion)
" Whatever contingency existed at the time the will was exe-
cuted entirely disappeared at the time of the testator's death ;"
for the testator left no issue and the class was fixed upon his
death and consisted of the children of his brothers and their
heirs, while in this case the class was to be determined at the
death of the widow and to consist of the brothers and sisters
and niece surviving her, and the issue of those who had died
leaving issue.   The contingency upon which the number in
the class was made to depend was the death of one or more
of them without issue prior to the death of the widow.   It is
a fact that all of them died and only four left issue, and thus
there were but four in the class when the event occurred upon
the happening of which the number in the class was, by the
terms of the will, to be determined.   In the *Embree* case,
therefore, the class was fixed at the death of the testator, in
this at the death of the widow, and hence the direction to
divide at that time annexed futurity to the substance of the
gift, and thus the case is brought within the rules to which
reference has been made, unless it may be said to be within
the other exception now to be mentioned.

The second exception is where there are words importing a
gift in addition to the direction to executors or trustees to pay
over, divide or distribute ; in such a case the general rule of
construction does not govern because the language employed,
outside of the direction to divide or distribute, imports a gift
and, therefore, the situation is precisely as if the will con-
tained words of gift.   In other words, to state the proposition
in familar phrase, where from the examination of the whole
will it is apparent that it was the intention of the testator that
the estate should vest in the beneficiaries immediately upon
his death, the rule governing where there is merely a direction
to divide at a future time must be subordinated to that
broader rule which requires that the intention of the testator

shall control where it can be ascertained "within the four corners of the will." The remaining question then is whether such an intention can be found in this will, for if it cannot the two general rules of construction, to which reference has been made, require the court to hold that the interest of the beneficiaries in the trust estate was contingent until the death of the testator's wife.

If it were the testator's intention to vest his estate in his brothers and sisters and niece at the time of his death, then under the conditions that existed at his death each brother and sister and the niece had a one-eighth vested interest liable to be divested; and, also, each of them had a contingent interest (one-seventh minimum, with increasing fractions by death) in the other shares, contingent on each of the others' lives; the issue on the death of the parents to take a vested interest in the original share of the parent, and have a contingent interest in the share of each of the remaining brothers and sisters and niece, and also in the five thousand dollars intended for Lewis Francis Battelle. Such an intention cannot be ascertained as a result of an application of the general rules of construction, as we have seen, nor can it, we think, be spelled out of either the language employed or the general scheme of the will. By it the estate devised to the executors in trust was in its entirety to continue in their possession and under their control as trustees until the death of the testator's widow, the legatees named in the sixth section of the will not being permitted by virtue thereof to take any advantage by possession or enjoyment until the death of the widow. Upon the death of the widow the trust estate was to be divided into actual shares and distributed, the shares to be equal with the exception that the sum of five thousand dollars (given to his nephew Lewis F. Battelle, if then living, or if dead, to Lewis' sisters, if then living) was to be deducted from the portion designated in the will as the share of Charles B. Battelle. This latter bequest of five thousand dollars to Lewis, it is urged, furnishes strong evidence that it was the intention of the testator that the trust estate should vest at his

death in the beneficiaries named, the argument made being that the testator intended that Lewis should receive this legacy in every contingency except that of his failure to survive the widow, for, if the remainder given to the testator's brother Charles be held to be contingent on his surviving the widow, then, in the case of the death of Charles before the widow (which has happened), there would be no share of Charles from which the legacy to Lewis could be taken, a difficulty that is wholly obviated by holding that the share vested in Charles upon the testator's death.

A careful examination of the sixth provision discloses that this argument has less of force than appears upon a casual reading of it. In the first place Charles' share, so called, was not to be paid to him upon the death of the widow, but was to be set aside by the executors and held in trust during Charles' life, the income only to be paid to him, the principal to be paid over to his issue at his death, while in the event of his death and that of his issue as well, no such share was to be either invested or paid, in which event, necessarily, this sum of five thousand dollars would be deducted from the aggregate before the shares of the others could be paid to either Lewis F. Battelle or his sisters, should they, instead of Lewis, survive the widow. The five-thousand-dollar legacy to the nephew was not contingent upon the life of Charles B. Battelle at all, for it was relieved from any such contingency by the phrase, " which sum I do give and bequeath to be paid to my nephew." Again, it should be noted that every legatee under the sixth subdivision of the will had an interest in this five thousand dollars until the death of the widow, conditioned upon the lives of Lewis F. Battelle and his sisters. The words " equally between my brothers and sisters and my niece Flora W. Bulkley, each one to take an equal share," in so far as they refer to the shares of the brothers Charles and Thomas, were qualified by other provisions of the sixth clause which reduced their interests, in the event of their outliving the widow, to life estates. The provision " that if any of my said brothers and sisters and niece shall depart this life before my

said wife, leaving lawful issue him or her surviving, then the share of the one so dying shall be paid over to their issue in equal shares," was apparently intended to substitute the issue of parents dying after the will was made for the parents in the class to which they would have belonged if living at the death of the widow, the issue standing in the place of the ancestor as one of the class among whom the shares were to be divided. While the sixth clause opened with a direction to the executors to divide the estate equally between the brothers, sisters and niece upon the death of the widow, and was followed by qualifying clauses commencing with " provided however " and " provided further," adding thereto a further direction as to how and among whom this aggregate fund should be divided and portions paid over and other portions invested, thus giving to the trustees explicit instructions as to how they should determine once for all at the death of the widow, the persons among whom the estate should be divided and their respective shares.

Without pursuing this subject further I state the conclusion at which we have arrived : That aside from the direction to the executors or trustees to divide and distribute the estate, there are no words importing a gift, and hence it becomes our duty to give force and effect to the rule that where the only gift is found in a direction to divide or pay at a future time, the gift is future, not immediate ; contingent and not vested.

The order should be reversed and the decree of the surrogate so modified as to divide the share which Emma Biggs would have received had she outlived testator's widow, among her five surviving children, with costs to the appellants in all courts.

O'BRIEN, HAIGHT and LANDON, JJ., concur ; BARTLETT and VANN, JJ., dissent ; CULLEN, J., not sitting.

Order reversed, etc.