(110 App. Div. 650.)

RICHARDS et al. v. HARTSHORNE et al.

(Supreme Court, Appellate Division, First Department. January 26, 1906.)

WILLS—CONSTRUCTION—CONTINGENT REMAINDER.

Under Real Property Law, Laws 1896, p. 564, c. 547, § 30, declaring a furture estate contingent "while the person to whom or the event on which it is limited to take effect remains uncertain," a contingent remainder is given by a will devising land in trust to pay the income to two persons or the survivor, and on the death of the survivor to convey the land to the issue, if any, of the life tenants, or, if there be no issue surviving, then to another.

Appeal from Special Term.

Action by Anna R. Richards and others against Charles H. Hartshorne and others. From a judgment for plaintiff, defendant the Rahway Library Association appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and HOUGHTON, JJ.

George W. Miller, for appellant, Rahway Library Ass'n.

Francis v. Dobbins, for respondents Richards and others.

George Holmes, for respondent Hugh Hartshorne.

James F. Horan, for respondents Mary H. Biddle, Emily K. Rodgers Nancrede, and Rebecca Harvey.

O'BRIEN, P. J. This action is brought to construe the will of Lucy H. Eddy, deceased, the question involved being whether the appellant,

the Rahway Library Association, is entitled to take and hold property under a devise in the will. The particular clause in dispute, so far as material to the question now presented, reads as follows:

"I give and devise to my executors hereinafter named, the survivors and survivor of them, my store and lot of ground known as No. 70 South street in the city of New York, * * * in trust, that during the lives of Louisa Pollock * * * and Eddy Shipley, * * * they apply the net rents to the use of the said Louisa Pollock and Eddy Shipley, during their joint lives, and on the death of either of them having the other surviving and without leaving issue surviving them, the whole of said net rents to be applied to such survivor for life; but, if there should be issue surviving them, one-half of said net rents to be applied to the use of such issue, if one solely, and if more than one, jointly and equally, and upon the death of the survivor of the said Louisa Pollock and Eddy Shipley, then upon the further trust that my said executors, or the survivor of them, * * * shall convey the said store and lot of ground to the lawful issue of said Louisa Pollock and Eddy Shipley 'per stirpes' in equal shares, or to the lawful issue of such one of them who shall have died leaving lawful issue surviving; but if there shall be no lawful issue surviving, the said Louisa Pollock and Eddy Shipley, then in further trust to convey the same to the trustees of the Rahway Library Association."

The testatrix died in 1879. One of the life beneficiaries, Eddy Shipley, had predeceased her, leaving no issue, and the remaining life beneficiary, Louisa Pollock, died in 1903, also without issue. Subsequent to the death of the testatrix, the trustees, under an order of the court and a power of sale contained in the will, sold the real property, and the fund resulting therefrom is now in the custody and control of the defendant Mercantile Trust Company as substituted trustee.

It is conceded by the appellant, the Rahway Library Association, that at the time of the death of the testatrix the association, being a foreign corporation, could not take real property situated in this state by devise; and, therefore, if the devise to it was a vested remainder, it failed, and the property fell into the residuary estate. It contends, however, that the remainder was not vested but contingent, and that, prior to the death of the last surviving beneficiary without issue, the disability to take the property had been removed from the association by an act of the Legislature of the state of New York. Chapter 136, p. 271, Laws 1894. This statute reads as follows:

"Any foreign corporation * * * may take by devise any real property situated within this state, and hold the same for not exceeding five years from * * * the time when the right to the possession thereof vests in such devisee, and convey it by deed or otherwise in the same manner as a domestic corporation."

There can be no doubt that under this statute the library association was enabled to take real property by devise, and, if the remainder was contingent, the vesting thereof in the association being postponed until the death of the surviving life tenant without issue, which occurred subsequent to the enactment of the statute, then the devise is good. If, on the other hand, the remainder vested at the death of the testatrix, as contended by the respondents, then the statute will be of no avail to the library association, and the devise would lapse and fall into the residuary estate. The real issue to be determined, therefore, is whether the remainder was vested or contingent. The court at Special Term held that it was the former, but we do not agree with

this conclusion. According to the statute (1 Rev. St. [1st Ed.] p. 723, pt. 2, c. 1, tit. 2, § 13) Real Property Law, § 30, Laws 1896, p. 564, c. 547, being chapter 46, p. 4871, of Heydecker's General Laws), a future estate is contingent "while the person to whom or the event on which it is limited to take effect remains uncertain." Here the one who would ultimately be entitled to the corpus of the trust remained uncertain until the death of the surviving life tenant. If upon the happening of that event there had been issue surviving, then the library association would have been cut off from any interest in the estate. Its interest was contingent upon the happening of an uncertain future event.

In Smith v. Edwards, 88 N. Y. 92, Judge Finch said: "It has been often held that, if futurity is annexed to the substance of the gift, the vesting is suspended." This statement was quoted with approval in the Matter of Crane, 164 N. Y. 76, 58 N. E. 47, and the following rules applicable to gifts were then formulated:

"First. Where the only words of gift are found in the direction to divide or pay at a future time the gift is future, not immediate; contingent, and not vested. * * * Second. Where the gift is of money, and the direction to convert the estate is absolute, the legacy given to a class of persons vests in those who answer the description, and are capable of taking at the time of the distribution."

In repeating these rules we are not unmindful of the other general rule which favors the vesting of estates, but with respect to this latter we recall that it was said by Judge Vann in Lewisohn v. Henry, 179 N. Y. 352, 361, 72 N. E. 239, 242, that:

"While the general rule favors the vesting of estates, it was adopted by courts as a guide to the probable intention of testators, and is never applied when the intention, as gathered from the entire will, is that the estate should not vest. All rules for the construction of wills yield to the actual intention, when that is reasonably clear to the mind of the judge reading the words of the testator."

It will be observed here that there is no present gift to the library association. The gift is to the trustees, who are directed to hold the corpus of the trust until the death of the surviving life beneficiary, and, upon the happening of that event, to pay it over to the party entitled thereto; that is, to the surviving issue of the life beneficiaries if there are such issue, and, if not, then to the library association. These provisions, in our judgment, show an intention on the part of the testator to keep the ultimate vesting of the estate in abeyance until the happening of the event mentioned, and to make the right of the library association to the trust fund dependent upon the future contingency of the death of the life tenants without surviving issue. In this respect the will is similar to that construed by the Court of Appeals in the case of Lewisohn v. Henry. By the terms of the will there considered, a number of trusts were established, each for the benefit of one of testator's children; the child to have the income therefrom during its life, and, when it reached a certain age, to receive one-half of the corpus of the trust, the balance to be held by the trustees until the child's death, when it should vest in its issue. Without further stating the provisions of the long and elaborate clause creating these trusts, it is sufficient to call attention to portions of the opinion showing that

the considerations there leading the Court of Appeals to the conclusion that the remainders were contingent also apply to the present case. Judge Vann said:

"The trustees took the legal title with the usual power of management, and with the duty of applying the net income to the use of the respective beneficiaries. They were 'to have and to hold' each share until the child for whose benefit it had been set apart should reach a certain age, and, 'upon arrival' at that age, they were to convey and pay over to him or her a part of the capital 'in fee simple and absolutely.' The use of the word 'upon,' followed by a direction to convey, indicates that until the contingency named should happen there was to be no vesting. * * * There was no present gift to any child, but when or provided the child reached the age specified. No part of the capital was to go to the children until the time fixed for absolute transfer to them should arrive. The direct gift to the executors, and the absence of any gift of capital to the children, in the first instance, show that there was no intent to vest title in them prior to the date named for distribution. The gift of capital to the children was through the direction to convey, and there was no vesting until the time to convey came around. Matter of Baer, 147 N. Y. 348, 354, 41 N. E. 702; Matter of Crane, 164 N. Y. 71, 76, 58 N. E. 47."

In the present case, also, it is to be noted that there are no words expressing a present gift to the library association. The trustees took the legal title, and were to hold the corpus of the trust until the event happened upon which they were directed to pay it over to the party ultimately entitled thereto.

Chief Justice Parker, in construing the will before the court in the Matter of Crane, 164 N. Y. 71, 80, 58 N. E. 47, 48, says:

"In the first place, it will be noted that there is no direct gift of the principle of the trust estate, but, instead, a direction to divide it on the death of the testator's widow."

And thereafter he says:

"Without pursuing this subject further, I state the conclusion at which we have arrived. That, aside from the direction to the executors or trustees to divide and distribute the estate, there are no words importing a gift, and hence it becomes our duty to give force and effect to the rule that, where the only gift is found in a direction to divide or pay at a future time, the gift is future, not immediate; contingent, and not vested."

These words, also, are applicable to the will now before us, and under the two decisions cited, as well as the cases therein referred to, we think the court at Special Term was in error in holding that the remainder was vested. On the contrary, it is difficult to conceive words more apt than those used by the present testator to show an intent to create, not a vested, but a contingent, remainder in favor of the library. This being so, and it being undisputed that the library association was competent to take the property at the time the surviving life beneficiary died without issue, it follows that the devise to it was effective, and therefore the judgment appealed from must be reversed, with costs to the appellant payable out of the estate, and the defendant Mercantile Trust Company directed to account for and pay over to the Rahway Library Association the fund now in its hands. All concur.