(152 App. Div. 453.)

TRUESDELL v. PIERCE et al.

(Supreme Court, Appellate Division, Second Department. September 10, 1912.)

1. WILLS (§ 634*)—ESTATES DEVISED—CONTINGENT ESTATES.

A testamentary gift, in trust to executors to pay the interest to a son, and at his death the corpus to be divided equally between the son's children, and, if he has none, the same to be divided equally among testator's surviving children, passes the title to the trustees, to hold the property until the death of the son, when they must transfer it to the son's children, and, in default of children, to the surviving children of testator, and the estate to the surviving children of testator is contingent on the son dying without children.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

2. WILLS (§ 481*)—CONSTRUCTION—CONDITIONS AT TIME OF TESTATOR'S DEATH.

The rule that a will presumptively relates to conditions existing at the time of testator's death yields to the testator's intention.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1005–1007; Dec. Dig. § 481.*]

8. WILLS (§ 524*)—CONSTRUCTION—SURVIVING CHILDREN.

Testator gave legacies to some of his children, and gave a specified sum to his executors, in trust to pay the income to a son for life, and the corpus to be equally divided between his children, and, if he had none, equally among testator's surviving children. He created a trust for the benefit of his wife, and at her death directed an equal division of the corpus between his children. He gave a specified sum in trust for a daughter for life, and at her death directed the equal division thereof among his surviving children. The son died without issue after the death of all of testator's children, except the daughter, leaving children.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

*Held*, that the words of survivorship did not refer to the time of the death of testator, but to the time of the death of the son, and the daughter took the corpus, to the exclusion of grandchildren.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1116–1127; Dec. Dig. § 524.*]

Hirschberg, J., dissenting.

Appeal from Special Term, Westchester County.

Action by Ingham K. Truesdell against Fannie L. Pierce and others. From an interlocutory judgment overruling the demurrer to the complaint interposed by defendant named,· she appeals. Reversed, and judgment ordered sustaining the demurrer.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

Henry J. Rusk, of Cold Springs (George Wood, of Poughkeepsie, on the brief), for appellant.

Joseph A. Greene, of Ossining, for respondent.

THOMAS, J.   Truesdell, testator, by will gave a legacy to each of his five children, so as to vest a gift in each, save George and his daughter Fannie, now Mrs. Pierce, for whom he created separate trusts. This action concerns the trust for George, which is:

"Fifth. I give, devise and bequeath in trust to· my executors $5,000, the interest to be paid or given annually in quarterly payments to my son George W. Truesdell and at his decease I direct that the said $5,000 be divided equally between his children of lawful issue, if he has any, and if he has none, the same to be divided equally and given to my surviving children."

At the time of George's death without issue, all of the testator's ·children save Mrs. Pierce, had died, leaving children. The question is: Does Pierce take all, or do the grandchildren also share, upon the theory that the words of survivorship refer to the death of the testator, at which time their ancestors were living?

[1] At the testator's death the trustees took title, and held it until George died, when they should transfer it to those entitled, to George's children, or, in default thereof, to the surviving children of the testator. The surviving children were entitled to an estate in case George died without issue, and so their estate was contingent. Hennessy v. Patterson, 85 N. Y. 91. Did the testator in effect say to his trustees:

"At the time of G.'s death you will deliver to his issue, or if there be none ·to my children living at my death, or, if any one of them has died, then to those entitled through him?"

[2] The will is ordinarily presumed to have relation to conditions existing at the time of the testator's death; but this well-recognized rule yields to the testator's intention.

[3] In view of the whole will, I consider that the testator· was thinking of persons living at G.'s death. In the third clause he left $5,000 in trust for Fannie for life, and said:

"At her death I direct that the said $5,000 be divided equally between my surviving children."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

If the survivorship in this provision, as well as in that made for George, refers to the testator's death, in each case the life tenant would take by remainder as well as for life. I consider that he was looking forward to a time, remote from his death, when his son George should have died, when the trustees should deliver the fund to persons answering the description of G.'s children, or his own children. The condition then interested him, and he thought that George's children would come into possession, if he had any; if not, his surviving children would receive. The gift is in trust for George for life, to his issue in remainder, and, in default thereof, to testator's "surviving children." Assume that George had a child at the testator's death, or at any time before George's death; it would have taken a vested remainder, subject to the right of children later born to share. Therefore testator's children living at his death could not also have a vested remainder, inasmuch as their interest would only arise in case George had no issue.

There is another aid to this interpretation. There was a trust for the benefit of the testator's wife, and at her death a direction, as to the subject of it, "to divide equally between my children." Then followed specific gifts, two in trust, with a remainder as stated, and then a residuary gift of the estate to "my children." If children and surviving children both refer to all his children living at his death, he differentiated in his language to convey the same thought. In my judgment, Mrs. Pierce takes the remainder, albeit in exception to a well-settled and more commonly observed rule. In consideration of the present question, the court at times has been influenced to adopt the construction, whenever possible, which will avoid intestacy, cause the vesting of the estate, and avoid the disinheritance of remaindermen dying before the termination of the life estate.

Such considerations have here little weight. The testator left a widow and children, Darius, Sylvester, Titus, George, and Fannie (now Mrs. Pierce). The testator gave certain property in trust, with the qualified power of sale of the homestead to his executors, and at his wife's death directed his executors to divide the same equally between his children, share and share alike. He then gave to his son Darius, by way of canceling indebtedness, the sum of about $5,500; to his son Sylvester, his market property and $3,000; to his son Titus, $6,000; while for his son George and his daughter Fannie he gave $5,000 in trust. In the case of Fannie, he directed that at her death the money should be divided equally between "my surviving children"; while, in the case of George, the will is that "at his decease I direct that the said $5,000 be divided equally between his children of lawful issue, if he has any, and if he has none, the same to be divided equally and given to my surviving children"; and the final gift is of the residuary, which he gives "to my children to be divided equally among them share and share alike."

It is evident in this will that full and absolute provision was made for every child, except George and Fannie, and that the others received more largely than they did, and that the interests given to them vested at the death of the testator, so that there is no question of dis-

inheritance, as each of the other children had his share, or more, and there is no special equity in construing gifts to Fannie and George so as to invest remainders in the other children, or their children.

According to the construction urged by the plaintiff, although Fannie or George were each made beneficiary for life, yet each was also made a remainderman in the very fund out of which the life estate was created. According to such construction, if George died without issue, his share would go back to Darius, Fannie, Sylvester, George, and Titus; and, if Fannie thereafter died, her share would go back to Darius, Fannie, Sylvester, George, and Titus; so that Fannie and George each being dead would take as if he or she were living. This is a case where the only gift is found in a direction to provide at a future time by the way of a contingent remainder, and the time of survivorship relates to the death of the beneficiary for life. Matter of Crane, 164 N. Y. 71, 58 N. E. 47; Matter of Baer, 147 N. Y. 348, 41 N. E. 702. Such a case is distinguished from that of Moore v. Lyons, 25 Wend. 119, and similar cases.

It is not conceivable that the testator, when he was looking forward to the period when George should die without issue, was thinking that the trustee should go back to the time of the testator's death, ascertain who his children were, and who their children were, and thus find the class or classes to whom distribution should be made. He was thinking of a far-away period when an event should happen, whereupon the trustees would perform the simple act of dividing the property among his own children, who should survive to that time. To him it would have appeared an absurdity that George should, although dead, take as if living upon the event of his dying.

The trustees invested the fund in bond and mortgage, and upon foreclosure took title to the land. Later one trustee died and one was removed, and the question has arisen: What shall the substituted trustee do with the land? The appellant is contented to take title from him. As to that, the court in this action for partition will not advise. The present decision is that the action of partition cannot be maintained.

The judgment should be reversed, and judgment ordered sustaining the demurrer, with costs. All concur except HIRSCHBERG, J., who dissents.