In the Matter of the Petition of KATIE H. FINCK, Individually and as Sole Executrix, etc., of PETER HOUSER, Deceased, for a Decree construing his last will and Testament.

KATIE H. FINCK, Individually and as Executrix, etc., Appellant; AARON MARKS, Respondent.

*Supreme Court, Appellate Division, First Department, May 21, 1915.*)

WILL—CONSTRUCTION*—CONTINGENT REMAINDER—ABSOLUTE DIRECTION TO CONVERT REALTY INTO PERSONALITY—" HEIRS."

A testator provided for the disposition of his property as follows: "After my lawful debts are paid, I give to my wife, Mary, all my real and personal property, and she is to have control during her lifetime, and at her death within sixty days thereafter, my entire estate is to be sold, at public auction and all the proceeds, and all other money belonging to my estate shall be equally divided among my children, viz.: Lizzie, Katie, Henry, Joseph and Edward, and if any of my children are not living at that time, her or his share is to go to her or his heir or heirs. Each one of my children or their heirs, shall receive their share within ninety days after the death of my wife, with the exception of my son, Henry, whose share shall be held in trust, for him by my daughters, Lizzie and Katie, and they shall from time to time pay to him from his share such money as in their judgment is necessary for his maintenance, and at his death the amount then held in trust for him shall go to his legal heirs." In an action for the construction of this provision, it appeared that the testator died, survived by his wife, who is still living, and five children; that Henry died unmarried and intestate, and Lizzie died without issue, leaving her surviving her husband, to whom she gave all of her property by will.

*Held*, that it was the intention of the testator that the distribution of his property should be made as of the date of his wife's death, and to the persons who at that date answered the description of those who were to take; that, therefore, his daughter Lizzie took no devisable estate, and her husband can take nothing under her will;

That on the death of the widow the share which would have been payable to Lizzie will go to those who stand in the position of her "heirs," which, since the direction to convert into personalty is absolute, will mean her next of kin. Her husband is neither an heir nor next of kin.

* See note Vol. 13, p. 545.

APPEAL by Katie H. Finck, individually and as executrix, etc., from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 24th day of November, 1914.

W. C. Prime, for the appellant.

Benjamin Berger, for the respondent.

SCOTT, J.—Peter Houser died on March 6, 1905, leaving real and personal property. He left a widow and five children. His widow still survives. Of his children two have died, to wit, Henry Houser who died in 1908, unmarried and intestate, and Elizabeth Marks who died on June 9, 1914, without issue, leaving her surviving her husband, Aaron Marks, and a sister and two brothers She also left a will giving to her husband, Aaron Marks, all her property and estate.

This proceeding is brought by the executrix of Peter Houser, deceased, to obtain a construction of the depository clause of his will, reading as follows: "*First:* After my lawful debts are paid, I give to my wife, Mary, all my real and personal property, and she is to have control during her lifetime, and at her death within sixty days thereafter, my entire estate is to be sold, at public auction and all the proceeds, and all other money belonging to my estate shall be equally divided among my children, viz.: Lizzie, Katie, Henry, Joseph and Edward, and if any of my children are not living at that time, her or his share is to go to her or his heir or heirs. Each one of my children or their heirs, shall receive their share within ninety days after the death of my wife, with the exception of my son, Henry, whose share shall be held in trust, for him by my daughters, Lizzie and Katie, and they shall from time to time pay to him from his share such money as in their judgment is necessary for his maintenance, and at his death the amount then held in trust for him shall go to his legal heirs."

Two questions were propounded to the surrogate as follows: "Whether by virtue of said provision the remainder interests under the last will and testament of Peter Houser immediately vested in the children named so as to be capable of valid and effectual alienation by them by deed or will, during the life-time of said widow, Mary Houser (the life tenant of the entire estate) or whether by virtue of said provision, the remainder interests were contingent only, and liable to be defeated by the death without issue of any child of the said Peter Houser dur-ing the lifetime of their said mother; and also whether by virtue of said provision, in case any child of Peter Houser should die during the lifetime of their mother, leaving no lawful issue them surviving, their surviving brothers and sisters (children of the said Peter Houser) would take as purchasers and devisees under his said will, the share or interest which the brother or sister, so dying, would have been entitled to receive, in case he or she survived the death of said widow, the life tenant, in preference to a legatee or devisee claiming under the last will and testament of the person dying."

The first question the surrogate answered in the affirmative, the second in the negative, and from his decision the executrix appeals.

It is to be observed first, that the will contains no words of gift, except that a life estate is to be given to the widow, with absolute control during her lifetime, and except also in the direction that the estate be converted into personalty and divided upon the death of the widow. The provision is similar in effect to that considered by the Court of Appeals in Matter of Crane (164 N. Y. 71). In that case the Court of Appeals applied two rules which, as we consider, are applicable here. They are, *First*. Where the only words of gift are found in the direction to divide or pay over at a future time the gift is future, not immediate; contingent, not vested. *Second*. Where the gift is of money and the direction to convert the estate is

absolute (as it is in this case) the legacy given to a class of persons vests in those who answer the description and are capable of taking at the time of the description.     These rules are so well established that they need no further citation of authority for their support.     There are undoubtedly well-recognized exceptions to the general application of the first rule, but none of them are present here.     On the contrary, the testator was emphatic and precise in designating among whom the distribution was to be divided, within ninety days after his wife's death, that is, among his children, " and if any of my children are not living *at that time,* her or his share is to go to her or his heir or heirs."     Nothing could be plainer than the intention of the testator that the distribution should be made as of the date of his wife's death, and to the persons who at that date answered the description of those who were to take.     Elizabeth Marks, therefore, took no devisable estate, and her legatee can take nothing under her will.     On the death of the widow the share which would have been payable to Elizabeth Marks will go to those who stand in the position of her " heirs," which, since the direction to convert into personalty is absolute, will mean her next of kin.     Her husband, the respondent, is neither an heir nor one of the next of kin.     (Tillman v. Davis, 95 N. Y. 17, 25.) It follows that the order of the Surrogate's Court must be reversed, with costs to the appellant, and the first question propounded by the petition answered in the negative, and the second question answered in the affirmative.

INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN and CLARKE, JJ., concurred.

Order reversed, with costs to appellant; the first question propounded by petitioner answered in the negative; the second in the affirmative.     Order to be settled on notice.