entitle the plaintiff to equitable relief. The relief demanded does not necessarily characterize the action to such an extent that a general demurrer should be sustained, where the allegations in the complaint constitute a cause of action for damages and the allegations for equitable relief appear to be incidental thereto. Thacher v. Hope Cemetery Ass'n, 46 Hun, 597; Hale v. Omaha Nat. Bank, 49 N. Y. 626.

The court having jurisdiction of the main subject of the action which is for damages, and the other relief asked for in the complaint being incidental thereto and of an equitable character, the demurrer is overruled.

Demurrer overruled.

(96 Misc. Rep. 381)

## In re SPITZMILLER'S ESTATE.

(Surrogate's Court, Erie County. July 5, 1916.)

**1. WILLS ⬡⇒629—CONSTRUCTION—ESTATES CREATED—VESTED ESTATES.**

The law prefers, whenever testator's language is ambiguous, obscure, or doubtful, a construction which will make a legacy vested rather than contingent, or, if contingent, will make it vested as soon as possible.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1461, 1462; Dec. Dig. ⬡⇒629.]

**2. WILLS ⬡⇒435—CONSTRUCTION—ESTATES CREATED—VESTED ESTATES.**

All general rules give way to the supreme rule that a will is to be construed by itself, and depends for its meaning largely upon its own context and subject-matter.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 946; Dec. Dig. ⬡⇒435.]

**3. WILLS ⬡⇒630(6)—CONSTRUCTION—ESTATES CREATED—VESTED ESTATES.**

Under a will directing that on the decease of testator's wife the executors deposit a fund, and keep it invested for and during the term of the natural life of his daughter-in-law, and pay the interest and income therefrom to her, for and during her natural life, and upon her decease the fund to be divided equally between testator's daughter and his three sons, share and share alike, the trust fund vested in the testator's four children at the time of his death, so that, although one of them predeceased the life beneficiary, his widow and sole legatee would take his share on the death of life beneficiary.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1473; Dec. Dig. ⬡⇒630(6).]

Application by the executors of Ambrose Spitzmiller for the construction of his will. Decree awarding distribution.

Strebel, Corey, Tubbs & Beals, of Buffalo, for executors.
Rebadow, Ladd & Brown, of Buffalo, for respondent.

HART, S. The estate of Ambrose Spitzmiller having been administered and now being ready for final distribution, the executors have asked for a construction of the will of the testator whereby a trust created for his daughter-in-law, Carrie Spitzmiller, now terminated, shall be treated as contingent, rather than a vested remainder.

The testator, at the time of his decease, was survived by a widow, four children, and a daughter-in-law, who are all provided for under

the terms of the will. The widow was left a life estate in practically the entire property, reserving to the daughter-in-law $30 per month, and a provision for maintenance of wife and children from the income of the realty for and during the lifetime of the widow. The fifth clause of the will contains the following·provisions:

"Upon the decease of my said wife I direct my remaining executors and executrix to deposit in savings bank, or invest in such securities as savings banks in Buffalo are entitled to invest in, the sum of ten thousand dollars, and to keep the same so safely invested for and during the term of the natural life of my daughter-in-law, Carrie Spitzmiller, and to pay the interest and income derived from such deposit or investments to said Carrie Spitzmiller for and during the term of her natural life, monthly or quarterly as the receipt of income may warrant; and I do hereby give and bequeath to said Carrie Spitzmiller the income from said sum of ten thousand dollars so to be deposited or invested for and during the term of her natural life. *  *  *

"All of the rest of my personal property and estate remaining at the time of the decease of my wife, other than the bank stock as aforesaid, I give and bequeath to my daughter Cora Laub, and to my sons Louis Spitzmiller, William Spitzmiller and Charles Spitzmiller, to be divided between them equally share and share alike; and upon the decease of my daughter-in-law, Carrie Spitzmiller the ·sum of ten thousand dollars shall likewise be divided equally between my daughter Cora Laub and my sons Louis Spitzmiller, William Spitzmiller and Charles Spitzmiller, share and share alike."

Upon the death of the widow the estate was divided among the four children, excepting the trust fund of $10,000, and the necessity for construction arises because of the fact that one of the remaindermen, Louis Spitzmiller, predeceased the life tenant nearly 11 years, left a will bequeathing his property to his widow, who has since remarried, and is now known as Julia Spitzmiller Hughes; the executors contending that the trust fund should be divided among the three surviving Spitzmiller children, and Mrs. Hughes asking for the share bequeathed to her deceased husband.

[1] The argument made in behalf of the executors is alluring as applied to what the testator might have done, had he been able to contemplate the eventual distribution of the trust fund, emphasizing the natural desire to confine the distribution of an estate of this character to those of his own blood. If this were the testator's intention, it is unfortunate that he did not make reference to his "surviving" children, or to those "then living." The law in the case of legacies, as in the case of devises, prefers, "whenever testator's language is ambiguous, obscure, or doubtful, a construction which will make a legacy vested rather than contingent, or, if contingent will make it vested as soon as possible."

The counsel for executors have quoted certain well-established rules of construction, and cited cases, in particular Salter v. Drowne, 205 N. Y. 204, 98 N. E. 401, and Matter of Baer, 147 N. Y. 348, 41 N. E. 702, supporting the doctrine, where "futurity is annexed to the subject of a gift," the devise is contingent. Another rule is sought to· be invoked by counsel for the respondent:

"When the testator postpones the payment of the legacy simply for the purpose of creating an intermediate interest in some other person, upon the determination of which interest the legacy is to be paid, such legacies are

prima facie treated as vested upon the testator's death, and not contingent." Page on Wills, 783; Underhill on Wills, 1304; Matter of Crane, 164 N. Y. 71, 58 N. E. 47; Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388, 10 Am. St. Rep. 464; Matter of Gardner, 140 N. Y. 122, 35 N. E. 439; Matter of Morris, 9 App. Div. 602. 41 N. Y. Supp. 737, affirmed in Burrill v. Morris, 154 N. Y. 778, 49 N. E. 1096.

It is not within my province or jurisdiction to determine what the testator might have done, but to interpret the intention of the testator as expressed in his last will. There is no specific mention nor use of the word "vesting." There is no contingency or restriction in the bequest to the four children after the determination of the life estate to Carrie Spitzmiller.

[2, 3] I am of the opinion that all general rules give way to the dominant and supreme rule that "each will is to be construed by itself, and depends for its meaning largely upon its own context and subject-matter." The precise words in question are not the same as used in any of the cases cited. Giving due consideration to the rules and cases cited in support thereof, I therefore find that the trust fund created by the testator for Carrie Spitzmiller vested in his four children at the time of his death.

A decree may be entered, awarding distribution in accordance with the terms of this memorandum.