In the Matter of the Estate of DORETTA MAHLSTEDT, Deceased.

Surrogate's Court, Westchester County, February 16, 1938.

*Fallon & Fallon,* for The New Rochelle Trust Company, as substituted trustee for Albert Dunkel.

*J. Raymond McGovern,* special guardian for Carl Miller Dunkel, an absentee.

MILLARD, S. In the petition for the judicial settlement of its account, the trustee has asked for a construction of the will.

Testatrix died on November 26, 1915. Her will was admitted to probate on April 11, 1916. In her will testatrix provides for the payment of debts, funeral and testamentary expenses, and then directs the executors to sell and convey all the real property of the testatrix at public or private sale and to give sufficient deeds therefor, and also to convert all of her personal property into cash. The proceeds of the sale of the real and personal property are given, one-third to her son, Charles Dunkel, one-third to her executors, in trust, to invest and pay over the income thereof to her daughter, Lizzie Dunkel, during her lifetime, with remainder to her children, or, in default of children, to the other *grandchildren* of the testatrix, share and share alike. The remaining one-third is given to the executors, in trust, to collect the income and pay over the same to a son, Albert Dunkel, during his lifetime, with remainder upon his death to his children equally, or, in default of children, to the *other grandchildren* of the testatrix, share and share alike.

Albert Dunkel, the life beneficiary of one of the trusts created under paragraph " second " of the will, died on April 16, 1935, leaving no widow or children. The trust for his benefit having fallen in, a question has been raised as to whom payment of the remainder in the *corpus* of his trust should be made. The provisions of the will relating to the trust fund for the benefit of Albert Dunkel is contained in subdivision (c) of paragraph " second " of the will, which reads as follows: " (c) The remaining one third I give and bequeath to my executors hereinafter named, and the survivor of them, and their successor or successors, in trust nevertheless, to invest and reinvest the same, safely and securely, to collect the income and profits of said one third and to apply and pay over the same to and for the use of my son Albert Dunkel, of the said City of New Rochelle, for the term of his natural life, and on his death I give said one third to his children equally and in the event of his dying without leaving any children I give said one third to my other grandchildren share and share alike."

At the time of making her will, testatrix had six living grandchildren, namely, J. Durand Dunkel, Doretta Dunkel (later known

as Doretta Dunkel Reidell), Clifford Albert Dunkel, George Dunkel, Carl Miller Dunkel and Marion Dunkel (later known as Marion Dunkel Notter), all children of Charles Dunkel, a son of decedent. Two of the grandchildren of the testatrix, namely, J. Durand Dunkel and Doretta Dunkel (Reidell), died prior to the death of Albert Dunkel, this life tenant. J. Durand Dunkel left two children, namely, Katherine Lorraine Slattery (formerly known as Katherine Lorraine Dunkel) and Durand Buell Dunkel. Doretta Dunkel Reidell left a son, Charles Leonard Reidell.

The question is whether Katherine Lorraine Slattery, Durand Buell Dunkel and Charles Leonard Reidell, the issue of J. Durand Dunkel and Doretta Dunkel Reidell, respectively, great-grand-children of testatrix, are entitled to share with the surviving *grand-children* of the testatrix in the remainder of the Albert Dunkel trust fund. The rule is well settled that, where final division and distribution is to be made among a class, the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made. (*Matter of Crane,* 164 N. Y. 71, 76; *Matter of Pulis,* 220 id. 196, 204; *Matter of Curtis,* 252 App. Div. 256.)

It has been held that the word " children," as commonly used, does not include grandchildren, *or any others than the immediate descendants in the first degree of the person named as the ancestor.* (Italics mine.) (*Palmer* v. *Horn,* 84 N. Y. 516, 521; *Matter of King,* 217 id. 358, 361; *Matter of Pulis, supra.*)

The same reasoning might well apply in the instant case as between the grandchildren and great-grandchildren of the testatrix. She used the word " grandchildren " in its primary and ordinary meaning. Her gift was to a class determinable as of the death of the life beneficiary. This class comprised her *grandchildren surviving at that time.* It did not include her great-grandchildren.

It is, therefore, determined that the remainder of said trust fund must be distributed equally among those of the grandchildren of the testatrix surviving at the time of the death of Albert Dunkel, the life beneficiary. They are, to wit, Clifford Albert Dunkel, George Dunkel, Carl Miller Dunkel and Marion Dunkel Notter.

Submit decree accordingly.