In the Matter of the Accounting of HANOVER BANK, as Trustee under the Will of MARY J. SWIFT, Deceased.

Surrogate's Court, New York County, April 13, 1953.

*Barr, Robbins & Palmer* for trustee, petitioner.

*Richard C. Schulz* for National Lutheran Home for the Aged, respondent.

*McQuiston, Minturn & Kelly* for Alice I. C. Swift and others, respondents.

COLLINS, S. The will of testatrix created a residuary trust measured by the lives of her sister and her sister-in-law. The primary purpose of the trust was to provide for the care of decedent's sister during her lifetime and for her proper burial. The testatrix also directed that the sum of $50 be paid monthly to her sister-in-law and any balance of income remaining after provision for her sister's care and the monthly payment to her sister-in-law be divided between her two nephews, Frederick W. Swift and George W. Swift. A direction for the disposition of the trust remainder upon the death of the survivor of decedent's sister and sister-in-law was made by testatrix in the following language: " I direct that the remainder of said residuary trust estate shall be paid to my said nephews, equally, share and share alike, and if either or both of my said nephews shall be dead at the time of the death of the survivor of said life beneficiaries of this trust, viz: my said sister and my said Sister-in-law, the share of the nephew so dead shall go to the child, children and widow, equally, of the one so dead, if he shall leave any, and to his widow if he shall not leave any child."

Testatrix was survived by her sister, her sister-in-law, and the two designated nephews. The sister-in-law died in 1920. One of the nephews, Frederick W. Swift, died in 1924 survived by a widow but without issue. Thereafter in a proceeding brought by the trustee for the judicial settlement of an intermediate account the Surrogate ruled that any trust income to which Frederick W. Swift, the deceased nephew, would have been entitled if living was payable to his widow as the person presumptively entitled to the next eventual estate (N. Y. L. J., June 9, 1925, p. 994, col. 2) and a decree was made accordingly. The widow of Frederick W. Swift received trust income until her death in 1943. The trust terminated in 1952 by the death of decedent's sister. Although the second nephew, George W. Swift, died during the continuance of the trust, no question arises as to the disposition now required to be made of one half of the trust remainder inasmuch as this nephew was survived by a widow and two sons all of whom are now living and who are entitled to this share of the trust principal in accordance

with the direction in the will. The trustee poses the problem as to the disposition of the one half of the trust remainder that concededly would be payable to the widow of Frederick W. Swift had she survived until the trust's termination. During her lifetime she executed an assignment of her interest in the trust. This assignment is unchallenged and the court finds it to be valid. The assignee under such instrument now claims one half of the trust principal. The distributees of testatrix assert that the will lacks a direction for the disposition of this share of the trust principal under the circumstances here existing.

Once again there is involved the quest for the intention of a will maker. Did this testatrix intend to bequeath vested remainder interests or contingent remainder interests? " It is true that the law favors the vesting of legacies as early as possible, but it does so to avoid perpetuities, intestacy, illegal suspension of the power of alienation, and to effect an intent which might otherwise be defeated. But when the intent is clearly otherwise and not violative of any statutory restriction, it must prevail. The intention is the paramount rule of construction." (*Dougherty* v. *Thompson,* 167 N. Y. 472, 483.) The use in a will of words of present gift is expressive of an intent to create a vested interest and conversely the use of different language is indicative of an intent to confer only a defeasible benefit. Here the will speaks neither as of the date of its execution nor as of the date of the maker's death but instead as of the time when the remainder benefits would vest in possession. Unquestionably testatrix did not intend to bequeath vested remainders to her nephews, for she stated that their estates were defeasible by their deaths at any time prior to the moment of division and payment. Not until that time could the identity of the persons to take and their respective participations be determined. While the requirement is most explicit that a nephew survive the term of the trust in order to acquire an interest vested in possession, like clarity of language is not found in the gift to a nephew's children but it seems fairly plain that testatrix intended a division to be made only among living children and that the interests of children, as well as the interests of their father, were contingent upon survivorship at the end of the trust period. To hold that a nephew's widow who failed to survive the trust term nevertheless could acquire a vested interest from the mere fact that she survived her husband for a period of time during the existence of the trust would charge testatrix with an intention that is neither expressed nor

implied in her will. There is in the language of testatrix no intimation that she intended to favor a nephew's wife over her own blood relatives by bequeathing to this nonrelative a vested remainder while withholding an equal interest from her nephews and their children. The only words of gift as to all remainder interests are found in the direction to pay at a future time. The interests of the prospective remaindermen could not be fixed at the time of the death of testatrix but only at such future time. Vesting of the remainder was suspended until the termination of the trust and the interest of any remainderman referred to in the will was contingent (*Matter of Crane,* 164 N. Y. 71; *Matter of Baer,* 147 N. Y. 348).

There has been no suggestion that the deceased nephew, Frederick W. Swift, acquired a vested remainder in fee, subject to divestment if, and only if, he failed to survive the life beneficiaries and left either issue or his widow surviving. Testamentary language that would create such an interest was considered in *Matter of Krooss* (302 N. Y. 424). In the cited case the court held that words of present absolute gift created an estate that could be cut down only by language as clear and decisive as that used in creating the vested interest. The will before this court wholly lacks language conferring a present absolute gift upon any remainderman. The interest of each remainderman was conditioned upon survival and was contingent until such condition was met.

One half of the trust remainder passes as intestate property of testatrix. Submit decree on notice construing the will and settling the account.