S. Samuel Di Palco, S.
In this trustees’ final accounting, a construction of the will is asked to determine the distribution to be made of the remainder of the fund.
The decedent died in 1890 and disposed of one fourth of his residuary estate in trust during the lives of Tallmadge Hepburn Denslow and Edwin Porter Denslow, the two sons of his daughter, Mary A. Denslow. The will then provides that on the termination of the trust (1) if his son-in-law Denslow is then living, the principal is to be paid to “ such issue, if any, of my said daughter Mary as shall be then living and shall respectively have then attained the age of 21 years, share and share alike, per stirpes and not per capita,” or in default thereof to “ such of my said children Elenor, Bradish and Edwin as shall be then living share and share alike,” or in default thereof, to “ such *306 of the lawful issue of my said children, Elenor, Bradish and Edwin as shall then be living, share and share alike, per stirpes and not per capita ”; (2) if Denslow is not then living, to distribute the principal of the trust to “ the children and next of kin of my daughter Mary respectively, share and share alike, per stirpes and not per capita. ’ ’
The provisions of the will clearly indicate that his son-in-law Denslow was not to benefit in any way in the testator’s estate. The trust terminated by the death of Edwin Porter Denslow in 1958. At that time the son-in-law Denslow was dead and the second provision stated above is controlling in respect of the distribution of the remainder.
It is argued by the representatives of the estates of Tallmadge and Edwin whose lives measured the trust, that the estate vested in the children and next of kin of their mother, Mary as of the date of her death in 1893 or at the time of testator’s death.
The sole next of kin of Mary who survived the termination of the trust asserts that the remainder is contingent and that he is entitled to same.
The court holds that the gift to ‘ ‘ the children and next of kin of Mary ” is a gift to a class to be ascertained on the termination of the trust and is clearly contingent (New York Life Ins. Trust Co. v. Winthrop, 237 N. Y. 93; Matter of Crane, 164 N. Y. 71; Matter of Buechner, 226 N. Y. 440; Matter of Baer, 147 N. Y. 348).
Here, the provision for Mary’s children and next of kin would not operate unless and until the testator’s widow, his daughter Mary, and son-in-law Denslow, all failed to survive the termination of the trust and falls within the definition of a gift to a class. A gift to a class has been defined as “ a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, and who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number of persons.” (1 Jarman, Wills [6th ed.], p. 336.)
In addition the will says ‘ ‘ but provided that said Le Grand Horton Denslow be then dead to pay over and deliver the said fourth share absolutely to the children and next of kin of my said daughter Mary respectively, share and share alike, per stirpes and not per capita in the same proportions in which personal property would be divided absolutely in cases of intestacy according to the Statutes of the State of Hew York.”
This direction to divide and pay over at a future time to a class has been repeatedly held to be a gift of a contingent *307 remainder. (Matter of Crane, supra; Matter of Buechner, supra.)
The remainder is directed to he paid to George L. Smith, the sole surviving next of kin of Mary on the termination of the trust.
Submit decree construing the will and settling the account accordingly.