JOHN J. TRASK and BANK OF NEW YORK AND TRUST COMPANY, Successor Trustees of the Trust Created under the " Third " Article of the Last Will and Testament of JOHN H. JACQUELIN, Deceased, for the Benefit of ALINE M. JACQUELIN, Respondents, v. FLORENCE J. LAFARGE, ETHEL J. WADE, KATHARINE J. TRASK, WILLIAM R. POTTS and HERBERT J. POTTS, Appellants, and JOHN J. TRASK, as Administrator, etc., of ALINE M. JACQUELIN, Deceased, UNITED STATES FIDELITY AND GUARANTY COMPANY and ZILLAH OAKES JACQUELIN, Individually and as Sole Executrix, etc., of HERBERT T. B. JACQUELIN, Deceased, Respondents. — In an action for final accounting, brought by trustees under a will, the appeal is from so much of the final judgment of the Supreme Court, Nassau county, as adjudged the estate of Herbert T. B. Jacquelin entitled to a one-fifth share in the remainder of the trust. Judgment modified by striking therefrom the declaration that the proper construction of the will vested a share of the trust in Herbert T. B. Jacquelin, deceased; by striking therefrom the direction to pay to the persons named, and by substituting therefor a direction to pay to the defendants-appellants in the following proportions: Florence J. LaFarge, one-fourth thereof; Ethel J. Wade, one-fourth thereof; Katharine J. Trask, one-fourth thereof; William R. Potts, one-eighth thereof, and Herbert J. Potts, one-eighth thereof; and as thus modified, the judgment, in so far as appealed from, is unanimously affirmed, with costs to appellants, payable out of the estate of Herbert T. B. Jacquelin, deceased. The will expressly provides that the remainder of the trust be divided among and go to a class of persons: Aline's " sisters and brother, and the issue of any deceased sister or brother, such issue to take the share to which the parent would have been entitled if alive." A deceased sister or brother, with or without children, does not answer the description and is not capable of taking. Prior to Aline's decease, a member of the class had, as against the power of a will, a mere expectancy which was extinguished by death. Other provisions in the will indicate a general intent to give only to members of testator's blood alive at the time of distribution. The use of the term " brother " in the singular is as a component of the phrase " sisters and brother," the phrase describing a class of persons, and does not indicate a desire to give consideration to the " brother " not given to the other members of the class, especially such consideration as applies in a gift nominatim. So far as we know, there is no single word in the English language which describes one's sisters and brothers as a class, and the use of the phrase " sisters and brother " in this will must be held to be as succinct a description of that class of persons as our language permits. Hence, Herbert was not specified nominatim; and the situation here is within the elements of the so-called " divide and pay over " rule. (Matter of Crane, 164 N. Y. 71, 76.) Decisions with respect to specifically named persons can have no application here where the persons are named as a class. The findings of fact and conclusions of law will be modified accordingly. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ. Settle order on notice.