In the Matter of the Petition of MABEL M. GUILFOYLE, Appellant, to Compel JAMES SARVENT, Respondent, to Render and Settle His Account as Substituted Trustee of the Estate of GARRET SARVENT, Deceased.— Decree of the Surrogate's Court of Rockland County dismissing the petition for an accounting on the ground that the petitioner had no interest in the estate, reversed on the law, with costs to all parties filing briefs, payable out of the estate, the application granted and the matter remitted to the Surrogate's Court for the entry of a decree accordingly. We are of opinion that Charles A. Sarvent, Jr., had a vested interest in the remainder of the corpus of the trust created by the testator Garret Sarvent, which was devised to the petitioner, the wife of Charles A. Sarvent, Jr. (Real Prop. Law, § 40; *Matter of Watson*, 262 N. Y. 284; *Matter of Montgomery*, 258 App. Div. 64; affd., 282 N. Y. 713.) Lazansky, P. J., Hagarty, Carswell and Close, JJ., concur; Adel, J. (dissenting): I dissent and vote to affirm the decree. In my opinion the " divide and pay over " rule is applicable. (*Matter of Pulis*, 220 N. Y. 196; *Trask* v. *LaFarge*, 249 App. Div. 790.)

In the Matter of the Judicial Settlement of the Account of Proceedings of GUARANTY TRUST COMPANY OF NEW YORK, as Trustee of the Trust Created for the Benefit of PHYLLIS HEALEY, under Paragraph " Twenty-Fourth " of the Last Will and Testament of ELMER ELLSWORTH SMATHERS, Deceased. GILES G. HEALEY and BENJAMIN I. TAYLOR, as Special Guardian of PHYLLIS HEALEY, an Infant, etc., Appellants; GUARANTY TRUST COMPANY OF NEW YORK, as Trustee, etc., of ELMER ELLSWORTH SMATHERS, Deceased, Respondent.— Judicial settlement of trustee's intermediate account. The will directs the trustee to expend for the support of certain infants such sums as in the trustee's judgment are necessary, and to accumulate the balance of receipts until the infants' majorities are reached. The infants live with their mother, who has independent means. The father, who is divorced from the mother, and the special guardian of the infants, objected to the trustee's method of determining necessary expenses for the infants' support and to the amount allowed to the mother for such support. The objections have been overruled and the account allowed and settled. Decree of the Surrogate's Court of Westchester County unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

In the Matter of the Petition of GUSSIE WEINBERG for the Removal of the Bodies of LOUIS FEUER, Also Known as LOUIS FEIER, and LEICA FEUER, Also Kno n as LEICA FEIER, Also Known as LENA FEUER, Also Known as LENA FEIER, Decedents, from Mount Zion Cemetery Maintained and Operated by the Elmwier Cemetery Association, Inc. GUSSIE WEINBERG, Respondent; CONGREGATION CHEVRA RODFE ZEDE ANSHEI BOLSCHOVCE, etc., Appellant.— Order granting petitioner's application for permission to remove the bodies of her deceased parents from one cemetery to another, and denying appellant's cross-motion to dismiss the proceeding, and order denying appellant's motion to set aside the original decision, for leave to interpose an answer to the petition, and for other relief, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.